BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorney for Defendant
CHECKMATE.COM, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NESSLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.;<br>VISHAL AGARWAL; DOES 1-10,<br><br>        Defendants. | Case No. 2:26-cv-00767-MEMF<br><br>OPPOSED *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE COUNTERCLAIMS; DECLARATION OF COUNSEL; PROPOSED ORDER |

Defendant Checkmate.com, Inc. ("Checkmate"), through undersigned counsel, submits this *ex parte* application for a fourteen day extension to file any counterclaims. This application is based on the attached declaration of counsel, the files and records in this case, and any other argument or evidence that the Court may accept. Checkmate conferred with counsel for plaintiff Robert Nessler regarding this application. Counsel for plaintiff indicated that plaintiff oppose this application and intends to file a written opposition.

Respectfully submitted,

Dated: March 24, 2026

BARRIENTOS PC

*/s/ J. Alejandro Barrientos*

J. Alejandro Barrientos
Attorney for Defendant,
Checkmate.com, Inc.

1

## <u>DECLARATION OF COUNSEL</u>

I, J. Alejandro Barrientos, declare as follows:

1.     I am an attorney and a member of the bar of this court, as well as counsel of record for defendant Checkmate.com, Inc. ("Checkmate") in the above captioned case.

2.     Checkmate was served with the first amended complaint in this action on or about March 3, 2026.

3.     I was made aware that Checkmate was served the FAC approximately twelve days later on or about Sunday, March 15, 2026.

4.     On or about March 18, 2026, my co-counsel, attorney Mitch Longson,[1] emailed counsel for plaintiff Robert Nessler requesting a two-week extension for Checkmate to file its "responsive pleadings." It was intended, but not explicitly stated, that "responsive pleadings" would include any counterclaims. Counsel for plaintiff agreed to the two-week extension via email the same day.

5.     On March 23, 2026, counsel for Checkmate and plaintiff conferred via videoconference regarding the above-captioned case and the related case of *Vasan v. Checkmate.com, Inc.*, 2:25-cv-00765 (C.D. Cal.).

6.     During this conference, it became clear that counsel for plaintiff did not agree that "responsive pleadings" as used in the March 18 email exchange should include counterclaims. Moreover, counsel for plaintiff indicated his belief that counterclaims by Checkmate against plaintiff would be so meritless as to warrant Rule 11 sanctions. The parties discussed the basis for this belief. The parties agreed

---

[1] Mr. Longson has appeared pro hac vice on behalf of Checkmate in the related case of *Vasan v. Checkmate.com, Inc.*, 2:25-cv-00765 (C.D. Cal.). Checkmate anticipates that it will seek leave for Mr. Longson to appear pro hac vice in this case in the coming days.

2

to stipulate to a two-week extension for Checkmate to file an answer to the FAC, which was filed earlier today at ECF No. 19. The stipulation expressly excluded any extension of time for Checkmate to file counterclaims.

7.      Because Checkmate was only informed yesterday that plaintiff counsel believes Checkmate's counterclaims may give rise to Rule 11 sanctions (the day before counterclaims would otherwise be due), Checkmate respectfully submits that there is good cause to extend its time to file counterclaims by fourteen days so that it may fully consider plaintiff's position on potential Rule 11 sanctions.

8.      Further, Checkmate submits that aligning its deadline to an answer to the FAC and to file counterclaims so both are due on April 7, 2026, will promote efficiency for the Court and the parties.

9.      Checkmate therefore requests an order continuing its deadline to file counterclaims to April 7, 2026.

10.     I conferred with counsel for plaintiff regarding this application. Counsel for plaintiff confirmed that plaintiff opposes this application and intends to file a written opposition.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 24, 2026                    */s/J. Alejandro Barrientos*

                                          J. Alejandro Barrientos

3