JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
GRANT J. THOMAS (SBN 325011)
*gthomas@twtlaw.com*
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:  (949) 679-6400
Facsimile:   (949) 679-6405

Attorneys for Plaintiff Robert Nessler

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT NESSLER, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>CHECKMATE,COM INC., a Delaware Corporation; VISHAL AGARWAL; an individual; DOES 1-10; inclusive.<br><br>            Defendants. | **CASE NO.: 2:26-cv-00767-MEMF-AS**<br><br>**PLAINTIFF ROBERT NESSLER'S OPPOSITION TO DEFENDANT CHECKMATE.COM INC.'S EX PARTE APPLICATION FOR A TWO WEEK EXTENSION TO FILE A CROSS-COMPLAINT** |

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

Plaintiff Robert Nessler ("Plaintiff" or " Mr. Nessler") respectfully submits this opposition to Defendant Checkmate.com, Inc.'s Ex Parte Application to Extend Time to File a Cross Complaint on the following grounds.

## I. INTRODUCTION

Plaintiff respectfully opposes Defendant Checkmate.com's ("Checkmate" or "Defendant") ex parte application for an extension of time to file a cross-complaint. Ex parte relief is an extraordinary remedy reserved for true emergencies. Defendant has failed to demonstrate the exigent circumstances required for such relief, has been on notice of Plaintiff's claims since January 26, 2026, and lacks any cognizable legal basis for a cross-complaint. The application should be denied.

## II. LEGAL STANDARD

Ex parte applications are disfavored in the Central District of California. *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). To obtain ex parte relief, the moving party must demonstrate: (1) that its cause will be irreparably prejudiced if the underlying motion is heard on a regular schedule; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id*. at 492-93. Defendant meets neither requirement.

## III. ARGUMENT

**A. Defendant Has Failed to Identify Exigent Circumstances or Substantial Prejudice Warranting Ex Parte Relief.**

Defendant's ex parte application rests on nothing more than a desire for additional time—a plainly insufficient basis for emergency relief. The moving party must show more than inconvenience or strategic preference; it must demonstrate genuine exigency and irreparable prejudice if relief is not granted on

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

an expedited basis. *Mission Power*, 883 F. Supp. at 492.

Here, Defendant has articulated no facts constituting a genuine emergency. No unexpected event, no sudden discovery, and no circumstance beyond Defendant's control has been identified. Defendant's failure to timely prepare a cross-complaint—if one is even warranted—is a problem of its own making and cannot be bootstrapped into grounds for emergency ex parte relief. Granting such relief would reward dilatory litigation conduct and set a poor precedent for the orderly management of this case.

Defendant's request for additional time rings hollow given the timeline of this litigation. On January 26, 2026, Plaintiff provided a copy of the Complaint directly to Defendant's prior counsel via email. A true and correct copy of that email is attached as Exhibit A to the Declaration of Grant J. Thomas filed herewith. Defendant has therefore had ample notice of Plaintiff's claims for approximately two months prior to the filing of this application. Any claim that Defendant requires additional time to evaluate whether to assert a cross-complaint is undermined entirely by this history.

Defendant cannot credibly argue it was caught off-guard or that it lacked sufficient time to assess its legal position. The delay in seeking leave to file a cross-complaint is entirely attributable to Defendant's own inaction, not to any lack of notice. Courts in this district have consistently denied ex parte relief where the moving party's predicament is self-created. *Campos v. 1169 Palms LLC*, Case No. CV 21-5625-JFW(KSx), 2022 WL 2284583, 2022 U.S. Dist. LEXIS 96155, *4 (C.D. Cal Feb 14, 2026)(finding that because "the emergency that allegedly justifies ex parte relief is self-created and that Defendants have failed to demonstrate good cause for the requested relief.").

**B. There Is No Good Faith Basis for a Cross-Complaint Because**

3

**Defendant Cannot Establish Any Cognizable Damages Under Any Available Theory.**

Beyond the procedural deficiencies, Defendant's proposed cross-complaint is meritless on its face. An essential element of any affirmative claim for relief—whether sounding in contract, tort, or otherwise—is the existence of actual, cognizable damages. Defendant cannot satisfy this requirement under any theory.

The underlying facts are straightforward: Plaintiff and the other co-founders of Voicebite, Inc. transferred their voice AI technology, working prototype, institutional knowledge, and related intellectual property to Checkmate pursuant to an acqui-hire agreement under which Checkmate promised to pay $1,500,000.00— or $500,000.00 to each founder—as wages and compensation under a bonus agreement. Checkmate failed to make any such payment.

The economic consequence of this transaction is a matter of public record. In October 2024, Checkmate publicly announced that it had secured $10,000,000.00 in Series B funding led by Tiger Global Management, citing as a primary basis for the raise its voice AI capabilities—specifically its phone ordering and drive-thru AI solutions—which are the precise technology and expertise transferred by Plaintiff and the co-founders of Voicebite, Inc. Checkmate's own press release stated the round was raised to accelerate adoption of its voice AI technology and noted that its core business was profitable at the time. A true and correct copy of this press release is attached as Exhibit B to the Declaration of Grant J. Thomas filed herewith. Checkmate thus received the full benefit of the acqui-hire transaction—the founders' working voice AI prototype, institutional knowledge, and technical expertise—leveraged that acquisition to raise $10,000,000.00, and paid the founders nothing.

Against this backdrop, Defendant cannot establish damages under any

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

cognizable legal theory:

For example, fraud damages in California are measured under the out-of-pocket rule. Cal. Civ. Code § 3343. A plaintiff asserting fraud must show that it parted with something of value in excess of what it received. Here, Checkmate's own public statements establish the opposite: it received voice AI technology and expertise it used to raise $10,000,000.00 from a top-tier institutional investor. Checkmate cannot simultaneously tout the value of the acquired voice AI technology to the investment community and then claim, in litigation, that it was damaged by the transaction. No out-of-pocket loss exists. Defendant's counsel would be obligated under Rule 11(b)(3) to identify a specific, quantifiable loss that survives offset against a $10,000,000.00 capital raise before filing a fraud-based cross-complaint. No such loss exists.

In short, Defendant has not been harmed—it has been unjustly enriched. Any cross-complaint premised on a claimed offset or affirmative recovery against Plaintiff would be unsupported by fact or law. Plaintiff hereby provides notice that, in the event a cross-complaint is filed on these grounds, Plaintiff intends to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**C. Granting the Extension Would Significantly Complicate the Case and Impose Undue Costs on Plaintiff.**

Permitting Defendant to file a cross-complaint at this juncture would not only reward Defendant's dilatory conduct, but would materially increase the complexity, scope, and cost of this litigation. Plaintiff would be forced to respond to pleadings that, as set forth above, have no good faith legal or factual basis. Plaintiff would incur additional discovery costs, briefing obligations, and litigation expenses tied to claims that should never have been brought.

Courts are entitled to consider the prejudice to opposing parties and the

5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

overall management of the case when evaluating whether to permit amended or new pleadings. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Here, the equities strongly favor denial.

**IV. CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's ex parte application for an extension of time to file a cross-complaint. Defendant has identified no exigent circumstances, has been on notice of this action since January 26, 2026, has no cognizable damages to support a cross-complaint, and its application would only serve to multiply proceedings and prejudice Plaintiff.

Respectfully submitted,

DATED:  March 25, 2026               THOMAS WHITELAW & KOLEGRAFF LLP

By:      */s/ Grant J. Thomas*
         JOSEPH E. THOMAS
         GRANT J. THOMAS
         Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 25, 2026 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

*/s/ Grant J. Thomas*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT