JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
GRANT J. THOMAS (SBN 325011)
*gthomas@twtlaw.com*
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:   (949) 679-6400
Facsimile:    (949) 679-6405

Attorneys for Plaintiff Robert Nessler

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT NESSLER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHECKMATE,COM INC., a Delaware Corporation; VISHAL AGARWAL; an individual; DOES 1-10; inclusive. <br><br> Defendants. | **CASE NO.: 2:26-cv-00767-MEMF-AS** <br><br> **DECLARATION OF GRANT J. THOMAS IN SUPPORT OF PLAINTIFF ROBERT NESSLER'S OPPOSITION TO DEFENDANT CHECKMATE.COM INC.'S EX PARTE APPLICATION FOR A TWO WEEK EXTENSION TO FILE A CROSS-COMPLAINT** |

1

DECLARATION OF GRANT J. THOMAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

**DECLARATION OF GRANT J. THOMAS**

I, Grant J. Thomas, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and I am attorney of record for Plaintiff Robert Nessler in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.    I submit this declaration in support of Plaintiff's Opposition to Defendant Checkmate.com's ex parte application for an extension of time to file a cross-complaint.

3.    On January 26, 2026, I caused a copy of the Complaint in this action to be transmitted via email to counsel then representing Defendant Checkmate.com. A true and correct copy of that email and its attachment is attached hereto as Exhibit A.

4.    Attached hereto as Exhibit B is a true and correct copy of a press release issued by Checkmate on or about October 23, 2024, titled "Checkmate Raises $10 Million in Series B Funding Led by Tiger Global to Scale the Adoption of its Restaurant Voice AI and Kiosk Solutions," as published on PRWeb. The press release identifies Checkmate's voice AI capabilities—including its phone ordering and drive-thru AI solutions—as a core basis for the Series B investment led by Tiger Global.

5.    Prior to the acqui-hire transaction at issue in this litigation, Robert Nessler, together with his co-founders, developed voice AI technology, a working prototype, and related intellectual property at Voicebite, Inc. That voice AI technology—and not any kiosk or other ordering technology—was the subject of the transfer to Checkmate. Checkmate promised to pay $1,500,000.00 in total— $500,000.00 to each founder—as wages and compensation under a bonus

DECLARATION OF GRANT J. THOMAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

agreement in exchange for that transfer. Checkmate has not made any such payment.

6. In my role as Mr. Nessler's attorney, I have conducted an independent evaluation of any damages Checkmate could potentially assert in a cross-complaint against filed against Mr. Vasan in the related action *Vasan v. Checkmate.com, Inc.,* 2:25-cv-00765 (C.D. Cal.). Based on that evaluation, I have concluded that no viable damages claim exists. Any damages Checkmate might allege are either: (a) entirely speculative and unsupported by any ascertainable facts or measurable figures; (b) not yet ripe, in that they depend on contingencies or future events that have not occurred and may never occur; or (c) not cognizable as against an employee or founder, because the acts or omissions alleged, even if true, would not give rise to individual liability under any applicable legal theory. No damages arising from the acqui-hire transaction can be attributed to Plaintiff in his capacity as an employee or founder when Checkmate received—and publicly leveraged— the full value of the transferred voice AI technology to raise $10,000,000.00 from institutional investors, as reflected in Exhibit B.

7. On March 23, 2026, during the meet and confer call I informed counsel for Defendant Checkmate.com that I had reviewed the case and that I believed that there was no basis to bring a cross action against my client Mr. Nessler. I informed Checkmate's counsel that an essential element of their potential claims, damages, could not be proven and therefore bringing any claims would violate Rule 11's obligation to perform an independent evaluation of the case prior to bringing an action. Based on my review of the case, I intend to file a motion for sanctions under Rule 11 based on the above grounds if a cross action is filed against my client.

DECLARATION OF GRANT J. THOMAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 25, 2026, at Irvine, California.

THOMAS WHITELAW & KOLEGRAFF LLP

By:    /s/ Grant J. Thomas
JOSEPH E. THOMAS
GRANT J. THOMAS
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 25, 2026 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Grant J. Thomas

4

DECLARATION OF GRANT J. THOMAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A CROSS COMPLAINT