MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice Forthcoming*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendant Checkmate.com, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT NESSLER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHECKMATE.COM, INC., a Delaware Corporation; VISHAL AGARWAL; an individual; DOES 1-10; inclusive. <br><br> Defendants. | Case No. 2:26-cv-00767 <br><br> **DEFENDANT CHECKMATE.COM, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") respectfully submits the following Answer to Plaintiff Robert Nessler's ("Plaintiff") First Amended Complaint (the "FAC"). Unless expressly admitted herein, Defendant denies each and every allegation of the FAC pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure.

## INTRODUCTION

1. This paragraph consists of a legal description of Plaintiff's complaints in this action, and argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiff is entitled to any relief from Defendant.

2. Defendant admits that VoiceBite, Inc., was an AI artificial intelligence ("AI") technology company focused on voice AI for food ordering. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph on that basis denies the same.

3. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph on that basis denies the same.

4. Defendant admits that Bell is Checkmate's Chief Strategy Officer, that the VoiceBite founders were transitioned to employment with Checkmate following a merger between VoiceBite and a wholly-owned subsidiary of Checkmate pursuant to which VoiceBite became a wholly-owned subsidiary of Checkmate. Checkmate admits that Checkmate also acquired all of VoiceBite's stock in the transaction, which also included all intellectual property ("IP") owned by VoiceBite.

2

Defendant denies Plaintiff's characterization of the events otherwise and therefore denies the remaining allegations in this paragraph.

5. Defendant admits that the referenced documents speak for themselves. Defendant denies Plaintiff's characterizations in this paragraph otherwise and therefore denies the remaining allegations in this paragraph.

6. Deny.

7. Deny.

8. Deny.

9. Defendant admits that Plaintiff's employment continued under an offer letter and that there existed a Bonus Agreement, the terms of which speak for themselves. Defendant otherwise denies the allegations in this paragraph.

10. Deny.

11. Defendant admits that Plaintiff was terminated. Defendant otherwise denies the allegations in this paragraph.

## PARTIES

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

13. Admit.

14. Admit.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

## JURISDICTION AND VENUE

16.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

17.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

18.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

19.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

20.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

21.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

22.    Defendant denies the factual allegations in this paragraph. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

23.    Deny.

24.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

25. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

## GENERAL ALLEGATIONS

26. Defendant admits that VoiceBite, Inc., was an AI technology company focused on voice AI for food ordering. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and on that basis denies the same.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

30. Defendant denies that Bell took "all actions on behalf of Checkmate" from his home in Los Angeles, California. Defendant admits the remaining allegations in this paragraph.

31. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

32. Defendant admits that the parties negotiated a transaction to acquire all of VoiceBite's stock, and that Plaintiff and other VoiceBite founders would transition to employment by Checkmate. Defendant otherwise denies Plaintiff's characterization of the transaction.

5

33.    Defendant admits that the referenced document speaks for itself and denies any characterization thereof to the contrary in this paragraph. Defendant denies any remaining allegations in this paragraph.

34.    Defendant admits to the existence of the referenced document and otherwise denies Plaintiff's characterization of the reasons therefor. Defendant lacks knowledge or information sufficient to admit or deny the basis for Plaintiff's allegations about any information playing a "critical role" in proceeding with the transaction and on that basis denies the same. Defendant denies any remaining allegations in this paragraph.

35.    Defendant admits that the reference document speaks for itself and denies any characterization thereof to the contrary in this paragraph. Defendant denies any remaining allegations in this paragraph.

36.    Deny.

37.    Deny.

38.    Deny.

39.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

40.    Deny.

41.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

42.    Deny.

6

43.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

49.     Defendant admits to the existence of the referenced text, which speaks for itself, and denies Plaintiff's characterization thereof. Defendant denies any remaining allegations in this paragraph.

50.     Defendant admits to the existence of the referenced email, which speaks for itself, and denies Plaintiff's characterization thereof. Defendant denies any remaining allegations in this paragraph.

51.     Defendant admits the parties exchanged transaction documents and communications related to the same. Defendant denies Plaintiff's characterizations thereof and denies any remaining allegations in this paragraph.

52.     Defendant admits the parties continued to negotiate transaction terms, including through counsel, during the referenced time period. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies the remaining allegations in this paragraph.

53. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies the same.

54. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

55. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

56. Deny.

57. Admit.

58. Defendant admits that the offer letter exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

59. Defendant admits that the offer letter exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

60. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

61. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

62. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

63.    Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

64.    Deny.

65.    Deny.

66.    Deny.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

71.    Defendant admits that the bonus was not triggered, that this was communicated to Plaintiff, and that Plaintiff disputed the issue. Defendant denies the remaining allegations in this paragraph.

72.    Deny.

73.    Deny.

74.    Defendant admits that Agarwal offered to partially accelerate the bonus. Defendant denies the remaining allegations in this paragraph.

75.    Defendant admits that the referenced announcement exists and speaks for itself. Defendant denies any contrary characterization of the document.

76.    Defendant admits that the referenced announcement exists and speaks for itself. Defendant denies any contrary characterization of the document.

77.    Deny.

78. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

79. Deny.

80. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph pertaining to Mr. Vasan's health condition(s) or care and on that basis denies the same. Defendant admits that Mr. Vasan requested leave.

81. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph pertaining to Mr. Vasan's health condition(s) or care and on that basis denies the same. Defendant admits that Mr. Vasan submitted a medical certification form.

82. Defendant admits that it maintains an employee handbook with policies on paid time off, which policies speak for themselves. Defendant denies Plaintiff's characterization of Defendant's application thereof and denies the remaining allegations in this paragraph.

83. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

84. Defendant admits that Mr. Vasan's team was directed not to "report" to Mr. Vasan while he was on leave. Defendant denies any remaining allegations in this paragraph.

85. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

86. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of

the document and denies any obligation to "inform" Mr. Vasan of potential pay supplementation.

87. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies application of any policy contrary to the terms of the Employee Handbook.

88. Defendant admits that Mr. Vasan communicated during his leave about a bonus payment, which communications speak for themselves. Defendant denies any contrary characterization thereof.

89. Defendant admits that Bell and Mr. Vasan communicated about the bonus payment, which communications speak for themselves. Defendant denies any contrary characterization thereof.

90. Admit.

91. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document

92. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

93. Defendant admits that the referenced meeting occurred and the works spoken speak for themselves. Defendant denies any contrary characterization of the document or the alleged "ostensibl[e]" reasons for the meeting.

94. Defendant admits that Mr. Vasan was notified of termination during this meeting. Defendant denies the remaining allegations in this paragraph.

95. Defendant admits to the referenced payments and salary increase, and admits to the existence of performance review documents, which speak for themselves. Defendant denies the remaining allegations in this paragraph.

96. Admit.

97. Admit.

98. Defendant admits that the referenced notice exists and speaks for itself. Defendant denies any contrary characterization of the document.

99. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

100. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

101. Defendant admits that it communicated to Plaintiff and Mr. Lam that the company would continue to employ them at the time. Defendant denies the remaining allegations in this paragraph.

102. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

103. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

104. Defendant admits no response was provided and denies the implication from Plaintiff's email that such non-response constituted "acceptance" of any terms.

105. Defendant admits that the New York litigation was voluntarily dismissed in favor of a transfer to this District.

106. Defendant lacks knowledge or information sufficient to admit or deny when Mr. Vasan received a "memorandum of endorsement" concerning a sanctions motion, and on that basis denies the same. Defendant admits that Mr. Vasan filed a motion for sanctions against Checkmate in the New York action that was later denied. Defendant denies that it had made any misstatements.

107. Defendant admits that Mr. Vasan filed a motion for sanctions against Checkmate in the New York action, which motion and its attachments (including a declaration from Plaintiff) speak for themselves, and that the motion was later denied. Defendant denies that it had made any misstatements or false statements.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

115. Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

116. Deny.

117. Deny.

13

118. Defendant denies there was any "ruse" and admits that it intended to comply with and did comply with any agreements with Plaintiff.

119. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

120. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

121. Deny.

122. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Defendant admits that the referenced declaration was filed and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

128. Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

129. Defendant admits that a meeting occurred between Mr. Agarwal and Plaintiff concerning mutual interest in separation. Defendant denies the remaining allegations in this paragraph.

130. Admit.

131. Defendant admits that Plaintiff faced and faces serious allegations concerning fraud and that these were communicated to Plaintiff in connection with his separation. Defendant denies Plaintiff's characterization of the meeting and Bell's statements and otherwise denies the remaining allegations in this paragraph.

132. Admit.

133. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph, including, specifically, that Defendant "would not pay any wages owed to" Plaintiff.

## CLAIM I

### (Breach of Contract Against Checkmate and DOES 1-10)

134. Defendant incorporates the preceding allegations as if fully set forth herein.

135. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

136. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

137. Deny.

138. Defendant admits that Plaintiff remained employed for more than 90 days. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

139. Deny.

15

140. Deny.

141. Defendant admits it has not remitted the stated bonus amount. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

142. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

143. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

144. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

145. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

146. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

## CLAIM II

### (Fraudulent Inducement Against All Defendants)

147. Defendant incorporates the preceding allegations as if fully set forth herein.

148. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

149. Defendant admits that discussions occurred related to this issue. Defendant denies any contrary characterization of any document that issued from such discussions and denies any remaining allegations in this paragraph.

150. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

151. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

152. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

158. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

159. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

160. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

161. Defendant admits Plaintiff was lawfully terminated and denies the remaining allegations in this paragraph.

162. Deny.

163. Deny.

## **CLAIM III**

### **(Unpaid Wages in Violation of Cal. Labor Code § 200 et seq. Against All Defendants)**

164. Defendant incorporates the preceding allegations as if fully set forth herein.

165. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

166. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

167. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

18

168. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

169. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

170. Deny.

171. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

172. Deny.

173. Deny.

174. Deny.

175. Deny.

176. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

177. Deny.

178. Deny.

## CLAIM IV

**(Violations of the Fair Labor Standards Act 29 U.S.C. § 201 et seq. Against Checkmate and DOES 1-10)**

179. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

180. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

19

181. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

182. The allegations in this paragraph constitute statements of argument and opinion, to which no response is required. To the extent a response is required, Defendant denies the same.

183. The allegations in this paragraph constitute statements of argument and opinion, to which no response is required. To the extent a response is required, Defendant denies the same.

184. Deny.

185. Deny.

186. Deny.

187. Deny.

188. Deny.

189. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

190. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

20

## CLAIM V

## (Wrongful Termination in Violation of California Labor Code Section § 98.6 Against Checkmate and DOES 1-10)

197. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

198. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

199. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

200. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

201. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

202. Deny.

203. Deny.

204. Deny.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

## CLAIM VI

### (Wrongful Termination in Violation of Public Policy Against Checkmate and DOES 1-10)

211. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

212. Defendant admits that Plaintiff was employed by Defendant, but otherwise denies the allegations in this paragraph.

213. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

214. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

215. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

216. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

217. Deny.

218. Deny.

219. Defendant admits that Plaintiff was terminated and otherwise denies the allegations in this paragraph.

220. Deny.

221. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny.

## CLAIM VII

## (Violation of Section 10(b) of the Securities Exchange Act of 1934 Against All Defendants)

227. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

228. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

229. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

230. Deny.

231. Deny.

232. Deny.

233. Deny.

234. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

235. Deny.

236. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

237. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

238. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

239. Deny.

240. Deny.

241. Deny.

242. Deny.

243. Deny.

## CLAIM VIII

### (Retaliation in Violation of California Labor Code § 1102.5 Against Checkmate and DOES 1-10)

244. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

245. Defendant admits that Plaintiff was employed by Defendant, but otherwise denies the allegations in this paragraph.

246. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

247. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

248. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

24

249. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

250. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

251. Deny.

252. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

253. Deny.

254. Deny.

255. Deny.

256. Defendant admits Plaintiff was terminated and otherwise denies the allegations in this paragraph.

257. Deny.

258. Deny.

259. Deny.

260. Deny.

## CLAIM IV[1]

**(Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Against Checkmate and DOES 1-10)**

261. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

---

[1] Defendant notes that there is a duplicative number "IV" in the amended complaint.

262. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

263. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

264. Deny.

265. Deny.

## PRAYER FOR RELIEF

In responding to the prayer for relief, Defendant denies entitlement to any relief for the damages set forth in any part of Plaintiff's Amended Complaint (including subparts 1–12 of the Prayer for Relief).

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative or other defenses on information and belief. In so doing, Defendant does not assume any burden of pleading, proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff. Additionally, Defendant's affirmative or other defenses are asserted in the alternative, and none of them constitute an admission of liability or that Plaintiff is entitled to any relief.

## **FIRST AFFIRMATIVE OR OTHER DEFENSE**
### **(Failure to State a Claim)**

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that each and every cause of action in Plaintiff's FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff has failed to make full and proper use of and failed to exhaust his administrative remedies and procedures provided in the Labor Code section 98.7, *et seq*.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Statute of Limitations)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred by the applicable statues of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 340, 29 U.S.C. § 2617(c).

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Waiver)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that by reason of his own actions, Plaintiff has waived any right to seek damages pursuant to any purported cause of action stated against Defendant.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Estoppel)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Unclean Hands)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Mitigate Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the FAC, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate such damages.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (No Claim for Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff has not sustained any damages as a consequence of the conduct alleged in his FAC and can state no claim for damages based thereon.

## NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Causation)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that to the extent Plaintiff has incurred any damages, which

Defendant expressly denies, such alleged damages were not proximately or legally caused by Defendant.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Substantial Compliance)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claim for damages fails because, to the extent–which Defendant denies–that it did not fully comply with the requirements of any particular California Labor Code provision or contract, Defendant has substantially complied with the requirements of such statute or contract such that the imposition of damages would be improper.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (At-Will Employee)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims fail because each Plaintiff's employment was terminable at the will of either Plaintiff or Defendant under California Labor Code Section 2922.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (No Attorneys' Fees)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff can state no claim for attorneys' fees against Defendant.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Avoiding and/or Secreting)

29

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, or some of them, are barred to the extent that Plaintiff secreted or absented himself or the work purportedly performed without notice to Defendant, to avoid payment of wages, thereby relieving Defendant of liability for damages or penalties under the California Labor Code.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (No Impermissible Factors)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claim is barred in whole or in part because even if Defendant was found to have considered any impermissible factors in any decisions or action with respect to Plaintiff, which Defendant denies, no such decisions were motivated by any impermissible factors.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Support Claim for Punitive Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff fails to state facts sufficient to support a claim for punitive damages against Defendant.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Constitutional Limit on Punitive Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the

30

excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Punitive Damages – No Ratification)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred in whole or in part because even if Defendant's alleged conduct rose to the level of oppression, fraud, or malice, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by an officer, director, or managing agent of Defendant.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Utilize Preventative/Corrective Measures; Avoidable Consequences)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that it took reasonable preventative and corrective measures, including having proper anti-retaliation policies and procedures in place, that Plaintiff unreasonably failed to utilize the preventative and corrective measures that Defendant provided, and reasonable use by Plaintiff of Defendant's procedures would have prevented at least some of the harm that Plaintiff alleges he suffered, which allegations Defendant denies, and Plaintiff's alleged damages should be limited or reduced accordingly.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

31

**(Collateral Estoppel and Res Judicata)**

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that the FAC, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE
### (Parol Evidence Rule)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiff cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE
### (Laches)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that due to Plaintiff's tardiness in asserting his purported rights to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE
### (Breach of Contract by Plaintiff/Full Performance of Defendant)

As a separate and independent defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff failed to comply with the terms of any alleged contract, though Defendant performed in full, and thus Plaintiff may not recover under such contract.

## TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Cal. Labor Code §§ 2854 and 2856)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred under California Labor Code sections 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (No Willfulness/Good Faith)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that no penalty or liability under the California Labor Code, including without limitation sections 203 or 226, could be appropriate because, at all relevant times, Defendant did not willfully, knowingly or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it had not violated those provisions.

## TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Payment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff was paid in full and in compliance with the law.

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Substantial Performance and Material Breach on the Part of Plaintiff)

33

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff is precluded from obtaining the relief sought in the FAC, either in whole or in part, because he has failed to substantially perform, and is in material breach of, contractual obligations, terms, conditions and duties under the policy at issue, thereby precluding the relief sought.

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE
### (Failure to Satisfy Conditions Precedent)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he failed to satisfy certain conditions precedent.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE
### (Unjust Enrichment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because recovery thereon would result in unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE
### (Ratification/Consent)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring him from any relief as prayed for in the FAC.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Speculative Damages)

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claim is barred because damages are speculative and therefore not recoverable.

## THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (No Representation)

As a separate and independent affirmative or other defense, Defendant alleges that it has made no representations to Plaintiff upon which he could have relied.

## THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Consideration)

As a separate and independent affirmative or other defense, Defendant alleges that any contract between them lacked consideration or was otherwise illusory in the Defendant did not receive goods, service, or value in exchange for its promises under the contract.

## THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Offset/Setoff)

As a separate and independent affirmative or other defense, Defendant alleges that to the extent it is found liable for any damages or amounts, Defendant claims a credit, setoff, or offset for all amounts it paid for the services of Plaintiff, all amounts received by Plaintiff, all amounts advanced or paid to Plaintiff in excess of that to which he was legally entitled, all amounts paid to Plaintiff as premium rates that are not calculated as part of his regular rate, all time that

35

Plaintiff reported as work time that he did not in fact work, and all other goods, amounts, or time that Plaintiff took to which he was not entitled, if any.

## THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE
### (Quantum Meruit)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent that Plaintiff provided Defendant with any value at all, Plaintiff is only entitled to receive payment for the goods or services actually provided at fair market value.

## THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE
### (Unconstitutionally Vague)

As a separate and independent affirmative or other defense, Defendant alleges, based on information and belief, that the FAC, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the Constitution of the United States of America and the State Constitution of California as to, among other things, due process of law.

## THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE
### (Frustration of Purpose)

As a separate and independent affirmative or other defense, Defendant alleges that an unexpected event or occurrence happened, frustrating the purpose of the contract, such that enforcement of the contract would not allow the parties to each receive the benefit of their bargain.

## THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Innocent Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation-which Defendant denies-the representation was innocent and was not made with knowledge of falsity or recklessness as to the same.

## THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Truthful Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation - which Defendant denies - the representation was truthful when made.

## THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (De Minimis Non-Compensable Activities)

As a separate and independent affirmative or other defense, Defendant alleges that if and to the extent Plaintiff can prove that he engaged in any uncompensated work activities, some or all of the time allegedly worked is de minimis (or preliminary or postliminary activity) and thus is not compensable.

## FORTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Federal Preemption)

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by federal law.

## FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Accord and Satisfaction)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff has been fully paid all amounts legally owed to him by Defendant, since by accepting the payments made to him, Plaintiff has effectuated an accord and satisfaction of his claims.

## FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (No Privity)

Defendant alleges that the causes of action alleged in Plaintiff's FAC are barred, because Defendant was not in privity of contract with Plaintiff.

## FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Contract Void Due to Fraudulent Inducement)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent any alleged contract between Plaintiff and Defendant is void or unenforceable as it was procured by fraud. Defendant alleges that Plaintiff made material misrepresentations of fact, knowing them to be false, with the intent to induce Defendant to enter into the alleged contract. Defendant reasonably relied on these misrepresentations and would not have entered into the contract had Defendant known the true facts.

## FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Same Decision)

38

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent that even if Plaintiff's protected activity or any disclosure or refusal to participate in any allegedly unlawful act was a contributing factor in any adverse employment action, Defendant would have made the same decision to take such action at the same time for legitimate, independent reasons. Defendant therefore cannot be held liable under Labor Code section 1102.5, for wrongful termination in violation of public policy, or under any other theory of retaliation or wrongful discharge.

## **ADDITIONAL AFFIRMATIVE OR OTHER DEFENSES**

Defendant has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative or other defenses. Defendant reserves the right to assert additional affirmative or other defenses in the event discovery indicates they are appropriate.

**WHEREFORE,** Defendant requests relief as follows:

1. That Plaintiff takes nothing by reason of his FAC and that judgment be entered in favor of Defendant as appropriate;
2. For costs of suit, including reasonable attorneys' fees; and
3. For such other and further relief as the Court may deem proper.

//

//

//

39

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial of all issues in this Complaint so triable.

Dated: April 7, 2026    BARRIENTOS PC

        */s/ J. Alejandro Barrientos*

        J. Alejandro Barrientos
        Attorney for Defendant
        Checkmate.com, Inc.