MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice Forthcoming*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendants Checkmate.com, Inc.
and Vishal Agarwal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT NESSLER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHECKMATE.COM, INC., a Delaware Corporation; VISHAL AGARWAL; an individual; DOES 1-10; inclusive. <br><br> Defendants. | Case No. 2:26-cv-00767 <br><br> **DEFENDANT CHECKMATE.COM, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |

1

CHECKMATE.COM, INC.,

Counterclaim Plaintiff,

v.

ROBERT NESSLER,

Counterclaim Defendant.

Pursuant to FRCP 15(a)(1)(A), Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") respectfully submits the following First Amended Answer and Counterclaims to Plaintiff Robert Nessler's ("Plaintiff") First Amended Complaint (the "FAC"). Unless expressly admitted herein, Defendant denies each and every allegation of the FAC pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure.

## INTRODUCTION

1. This paragraph consists of a legal description of Plaintiff's complaints in this action, and argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiff is entitled to any relief from Defendant.

2. Defendant admits that VoiceBite, Inc., was an AI technology company focused on voice artificial intelligence ("AI") for food ordering. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph on that basis denies the same.

3. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph on that basis denies the same.

4. Defendant admits that Bell is Checkmate's Chief Strategy Officer, that the VoiceBite founders were transitioned to employment with Checkmate following a merger between Voicebite and Checkmate. Checkmate admits that Checkmate also acquired all of VoiceBite's stock in the transaction, which included all IP owned by VoiceBite. Defendant denies Plaintiff's characterization of the events otherwise and therefore denies the remaining allegations in this paragraph.

2

5. Defendant admits that the referenced documents speak for themselves. Defendant denies Plaintiff's characterizations in this paragraph otherwise and therefore denies the remaining allegations in this paragraph.

6. Deny.

7. Deny.

8. Deny.

9. Defendant admits that Plaintiff's employment continued under an offer letter and that there existed a Bonus Agreement, the terms of which speak for themselves. Defendant otherwise denies the allegations in this paragraph.

10. Deny.

11. Defendant admits that Plaintiff was terminated. Defendant otherwise denies the allegations in this paragraph.

## PARTIES

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

13. Admit.

14. Admit.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

## JURISDICTION AND VENUE

16. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

17.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

18.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

19.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

20.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

21.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

22.    Defendant denies the factual allegations in this paragraph. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

23.    Deny.

24.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

25.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

4

## GENERAL ALLEGATIONS

26. Defendant admits that VoiceBite, Inc., was an AI technology company focused on voice AI for food ordering. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and on that basis denies the same.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

30. Defendant denies that Bell took "all actions on behalf of Checkmate" from his home in Los Angeles, California. Defendant admits the remaining allegations in this paragraph.

31. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

32. Defendant admits that the parties negotiated a transaction to acquire all of VoiceBite's stock, and that Plaintiff and other VoiceBite founders would transition to employment by Checkmate. Defendant otherwise denies Plaintiff's characterization of the transaction.

33. Defendant admits that the referenced document speaks for itself and denies any characterization thereof to the contrary in this

5

paragraph. Defendant denies any remaining allegations in this paragraph.

34. Defendant admits to the existence of the referenced document and otherwise denies Plaintiff's characterization of the reasons therefor. Defendant lacks knowledge or information sufficient to admit or deny the basis for Plaintiff's allegations about any information playing a "critical role" in proceeding with the transaction and on that basis denies the same. Defendant denies any remaining allegations in this paragraph.

35. Defendant admits that the reference document speaks for itself and denies any characterization thereof to the contrary in this paragraph. Defendant denies any remaining allegations in this paragraph.

36. Deny.

37. Deny.

38. Deny.

39. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

40. Deny.

41. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

42. Deny.

43. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

44. Deny.

6

45. Deny.

46. Deny.

47. Deny.

48. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

49. Defendant admits to the existence of the referenced text, which speaks for itself, and denies Plaintiff's characterization thereof. Defendant denies any remaining allegations in this paragraph.

50. Defendant admits to the existence of the referenced email, which speaks for itself, and denies Plaintiff's characterization thereof. Defendant denies any remaining allegations in this paragraph.

51. Defendant admits the parties exchanged transaction documents and communications related to the same. Defendant denies Plaintiff's characterizations thereof and denies any remaining allegations in this paragraph.

52. Defendant admits the parties continued to negotiate transaction terms, including through counsel, during the referenced time period. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies the remaining allegations in this paragraph.

53. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies the same.

54. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

55. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

56. Deny.

57. Admit.

58. Defendant admits that the offer letter exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

59. Defendant admits that the offer letter exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

60. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

61. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

62. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

63. Defendant admits that the Bonus Agreement exists and its terms speak for themselves. Defendant denies any contrary characterization of the document.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

8

68. Deny.

69. Deny.

70. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

71. Defendant admits that the bonus was not triggered, that this was communicated to Plaintiff, and that Plaintiff disputed the issue. Defendant denies the remaining allegations in this paragraph.

72. Deny.

73. Deny.

74. Defendant admits that Agarwal offered to partially accelerate the bonus. Defendant denies the remaining allegations in this paragraph.

75. Defendant admits that the referenced announcement exists and speaks for itself. Defendant denies any contrary characterization of the document.

76. Defendant admits that the referenced announcement exists and speaks for itself. Defendant denies any contrary characterization of the document.

77. Deny.

78. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

79. Deny.

80. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph pertaining to Mr. Vasan's health condition(s) or care and on that basis denies the same. Defendant admits that Mr. Vasan requested leave.

81. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph pertaining to Mr. Vasan's health condition(s) or care and on that basis denies the same. Defendant admits that Mr. Vasan submitted a medical certification form.

82. Defendant admits that it maintains an employee handbook with policies on paid time off, which policies speak for themselves. Defendant denies Plaintiff's characterization of Defendant's application thereof and denies the remaining allegations in this paragraph.

83. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

84. Defendant admits that Mr. Vasan's team was directed not to "report" to Mr. Vasan while he was on leave. Defendant denies any remaining allegations in this paragraph.

85. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

86. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any obligation to "inform" Mr. Vasan of potential pay supplementation.

87. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies application of any policy contrary to the terms of the Employee Handbook.

10

88.    Defendant admits that Mr. Vasan communicated during his leave about a bonus payment, which communications speak for themselves. Defendant denies any contrary characterization thereof.

89.    Defendant admits that Bell and Mr. Vasan communicated about the bonus payment, which communications speak for themselves. Defendant denies any contrary characterization thereof.

90.    Admit.

91.    Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document

92.    Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

93.    Defendant admits that the referenced meeting occurred and the works spoken speak for themselves. Defendant denies any contrary characterization of the document or the alleged "ostensibl[e]" reasons for the meeting.

94.    Defendant admits that Mr. Vasan was notified of termination during this meeting. Defendant denies the remaining allegations in this paragraph.

95.    Defendant admits to the referenced payments and salary increase, and admits to the existence of performance review documents, which speak for themselves. Defendant denies the remaining allegations in this paragraph.

96.    Admit.

97.    Admit.

11

98. Defendant admits that the referenced notice exists and speaks for itself. Defendant denies any contrary characterization of the document.

99. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

100. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

101. Defendant admits that it communicated to Plaintiff and Mr. Lam that the company would continue to employ them at the time. Defendant denies the remaining allegations in this paragraph.

102. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

103. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

104. Defendant admits no response was provided and denies the implication from Plaintiff's email that such non-response constituted "acceptance" of any terms.

105. Defendant admits that the New York litigation was voluntarily dismissed in favor of a transfer to this District.

106. Defendant lacks knowledge or information sufficient to admit or deny when Mr. Vasan received a "memorandum of endorsement" concerning a sanctions motion, and on that basis denies the same. Defendant admits that Mr. Vasan filed a motion for sanctions against

12

Checkmate in the New York action that was later denied. Defendant denies that it had made any misstatements.

107.   Defendant admits that Mr. Vasan filed a motion for sanctions against Checkmate in the New York action, which motion and its attachments (including a declaration from Plaintiff) speak for themselves, and that the motion was later denied. Defendant denies that it had made any misstatements or false statements.

108.   Deny.

109.   Deny.

110.   Deny.

111.   Deny.

112.   Deny.

113.   Deny.

114.   Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

115.   Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

116.   Deny.

117.   Deny.

118.   Defendant denies there was any "ruse" and admits that it intended to comply with and did comply with any agreements with Plaintiff.

119.   Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document.

120. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

121. Deny.

122. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Defendant admits that the referenced declaration was filed and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph.

128. Defendant admits that Plaintiff was expected to report to the company regarding his work. Defendant otherwise denies the allegations in this paragraph.

129. Defendant admits that a meeting occurred between Mr. Agarwal and Plaintiff concerning mutual interest in separation. Defendant denies the remaining allegations in this paragraph.

130. Admit.

131. Defendant admits that Plaintiff faced and faces serious allegations concerning fraud and that these were communicated to Plaintiff in connection with his separation. Defendant denies Plaintiff's characterization of the meeting and Bell's statements and otherwise denies the remaining allegations in this paragraph.

132. Admit.

14

133. Defendant admits that the referenced communication exists and speaks for itself. Defendant denies any contrary characterization of the document and denies any remaining allegations in this paragraph, including, specifically, that Defendant "would not pay any wages owed to" Plaintiff.

## CLAIM I

### (Breach of Contract Against Checkmate and DOES 1-10)

134. Defendant incorporates the preceding allegations as if fully set forth herein.

135. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

136. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

137. Deny.

138. Defendant admits that Plaintiff remained employed for more than 90 days. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

139. Deny.

140. Deny.

141. Defendant admits it has not remitted the stated bonus amount. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

15

142. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

143. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

144. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

145. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

146. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

## CLAIM II

### (Fraudulent Inducement Against All Defendants)

147. Defendant incorporates the preceding allegations as if fully set forth herein.

148. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

149. Defendant admits that discussions occurred related to this issue. Defendant denies any contrary characterization of any document that issued from such discussions and denies any remaining allegations in this paragraph.

150. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

151. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

152. Defendant states that a writing was provided to Plaintiff related to the issues identified in this allegation and such writing speaks for itself. Defendant denies any contrary characterization of any document or statement and denies any remaining allegations in this paragraph.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

158. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

159. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

160. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies the same.

161. Defendant admits Plaintiff was lawfully terminated and denies the remaining allegations in this paragraph.

162. Deny.

163. Deny.

## CLAIM III

**(Unpaid Wages in Violation of Cal. Labor Code § 200 et seq.**

**Against All Defendants)**

164. Defendant incorporates the preceding allegations as if fully set forth herein.

165. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

166. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

167. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

168. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

18

169. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

170. Deny.

171. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

172. Deny.

173. Deny.

174. Deny.

175. Deny.

176. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

177. Deny.

178. Deny.

## CLAIM IV

**(Violations of the Fair Labor Standards Act 29 U.S.C. § 201 et seq. Against Checkmate and DOES 1-10)**

179. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

180. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

181. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

19

182. The allegations in this paragraph constitute statements of argument and opinion, to which no response is required. To the extent a response is required, Defendant denies the same.

183. The allegations in this paragraph constitute statements of argument and opinion, to which no response is required. To the extent a response is required, Defendant denies the same.

184. Deny.

185. Deny.

186. Deny.

187. Deny.

188. Deny.

189. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

190. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

## CLAIM V

**(Wrongful Termination in Violation of California Labor Code Section § 98.6 Against Checkmate and DOES 1-10)**

197. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

198. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

199. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

200. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

201. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

202. Deny.

203. Deny.

204. Deny.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

## CLAIM VI

## (Wrongful Termination in Violation of Public Policy Against Checkmate and DOES 1-10)

211. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

212. Defendant admits that Plaintiff was employed by Defendant, but otherwise denies the allegations in this paragraph.

213. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

214. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

215. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

216. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

217. Deny.

218. Deny.

219. Defendant admits that Plaintiff was terminated and otherwise denies the allegations in this paragraph.

220. Deny.

221. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny.

## CLAIM VII

### (Violation of Section 10(b) of the Securities Exchange Act of 1934 Against All Defendants)

227. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

228. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

229. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

230. Deny.

231. Deny.

232. Deny.

233. Deny.

234. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

235. Deny.

236. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

237. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

238. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

239. Deny.

240. Deny.

241. Deny.

242. Deny.

243. Deny.

## CLAIM VIII

### (Retaliation in Violation of California Labor Code § 1102.5 Against Checkmate and DOES 1-10)

244. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

245. Defendant admits that Plaintiff was employed by Defendant, but otherwise denies the allegations in this paragraph.

246. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

247. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

248. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

24

249. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

250. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

251. Deny.

252. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

253. Deny.

254. Deny.

255. Deny.

256. Defendant admits Plaintiff was terminated and otherwise denies the allegations in this paragraph.

257. Deny.

258. Deny.

259. Deny.

260. Deny.

## CLAIM IV[1]

**(Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Against Checkmate and DOES 1-10)**

261. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

---

[1] Defendants note that there is a duplicative number "IV" in the amended complaint.

25

262. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

263. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

264. Deny.

265. Deny.

## PRAYER FOR RELIEF

In responding to the prayer for relief, Defendants deny entitlement to any relief for the damages set forth in any part of Plaintiff's Amended Complaint (including subparts 1–12 of the Prayer for Relief).

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative or other defenses on information and belief. In so doing, Defendant does not assume any burden of pleading, proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff. Additionally, Defendant's affirmative or other defenses are asserted in the alternative, and none of them constitute an admission of liability or that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE OR OTHER DEFENSE
### (Failure to State a Claim)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that each and every cause of action in Plaintiff's FAC fails to state a claim upon which relief may be granted.

26

## SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff has failed to make full and proper use of and failed to exhaust his administrative remedies and procedures provided in the Labor Code section 98.7, *et seq*.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Statute of Limitations)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred by the applicable statues of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 340, 29 U.S.C. § 2617(c).

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Waiver)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that by reason of his own actions, Plaintiff has waived any right to seek damages pursuant to any purported cause of action stated against Defendant.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Estoppel)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

27

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Unclean Hands)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Mitigate Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the FAC, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate such damages.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (No Claim for Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff has not sustained any damages as a consequence of the conduct alleged in his FAC and can state no claim for damages based thereon.

## NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Causation)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that to the extent Plaintiff has incurred any damages, which

Defendant expressly denies, such alleged damages were not proximately or legally caused by Defendant.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Substantial Compliance)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claim for damages fails because, to the extent–which Defendant denies–that it did not fully comply with the requirements of any particular California Labor Code provision or contract, Defendant has substantially complied with the requirements of such statute or contract such that the imposition of damages would be improper.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (At-Will Employee)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims fail because each Plaintiff's employment was terminable at the will of either Plaintiff or Defendant under California Labor Code Section 2922.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (No Attorneys' Fees)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff can state no claim for attorneys' fees against Defendant.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Avoiding and/or Secreting)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, or some of them, are barred to the extent that Plaintiff secreted or absented himself or the work purportedly performed without notice to Defendant, to avoid payment of wages, thereby relieving Defendant of liability for damages or penalties under the California Labor Code.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (No Impermissible Factors)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claim is barred in whole or in part because even if Defendant was found to have considered any impermissible factors in any decisions or action with respect to Plaintiff, which Defendant denies, no such decisions were motivated by any impermissible factors.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Support Claim for Punitive Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff fails to state facts sufficient to support a claim for punitive damages against Defendant.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Constitutional Limit on Punitive Damages)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the

30

excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Punitive Damages – No Ratification)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred in whole or in part because even if Defendant's alleged conduct rose to the level of oppression, fraud, or malice, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by an officer, director, or managing agent of Defendant.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Utilize Preventative/Corrective Measures; Avoidable Consequences)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that it took reasonable preventative and corrective measures, including having proper anti-retaliation policies and procedures in place, that Plaintiff unreasonably failed to utilize the preventative and corrective measures that Defendant provided, and reasonable use by Plaintiff of Defendant's procedures would have prevented at least some of the harm that Plaintiff alleges he suffered, which allegations Defendant denies, and Plaintiff's alleged damages should be limited or reduced accordingly.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Collateral Estoppel and Res Judicata)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that the FAC, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Parol Evidence Rule)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiff cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Laches)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that due to Plaintiff's tardiness in asserting his purported rights to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Breach of Contract by Plaintiff/Full Performance of Defendant)

As a separate and independent defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff failed

32

to comply with the terms of any alleged contract, though Defendant performed in full, and thus Plaintiff may not recover under such contract.

## TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Cal. Labor Code §§ 2854 and 2856)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred under California Labor Code sections 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (No Willfulness/Good Faith)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that no penalty or liability under the California Labor Code, including without limitation sections 203 or 226, could be appropriate because, at all relevant times, Defendant did not willfully, knowingly or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it had not violated those provisions.

## TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Payment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff was paid in full and in compliance with the law.

33

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

## (Lack of Substantial Performance and Material Breach on the Part of Plaintiff)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff is precluded from obtaining the relief sought in the FAC, either in whole or in part, because he has failed to substantially perform, and is in material breach of, contractual obligations, terms, conditions and duties under the policy at issue, thereby precluding the relief sought.

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

## (Failure to Satisfy Conditions Precedent)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he failed to satisfy certain conditions precedent.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

## (Unjust Enrichment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because recovery thereon would result in unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

## (Ratification/Consent)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he

34

acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring him from any relief as prayed for in the FAC.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Speculative Damages)

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claim is barred because damages are speculative and therefore not recoverable.

## THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (No Representation)

As a separate and independent affirmative or other defense, Defendant alleges that it has made no representations to Plaintiff upon which he could have relied.

## THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Consideration)

As a separate and independent affirmative or other defense, Defendant alleges that any contract between them lacked consideration or was otherwise illusory in the Defendant did not receive goods, service, or value in exchange for its promises under the contract.

## THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Offset/Setoff)

As a separate and independent affirmative or other defense, Defendant alleges that to the extent it is found liable for any damages or amounts, Defendant claims a credit, setoff, or offset for all amounts it paid for the services of Plaintiff, all amounts received by Plaintiff, all amounts advanced or paid to Plaintiff in excess of that to which he was

35

legally entitled, all amounts paid to Plaintiff as premium rates that are not calculated as part of his regular rate, all time that Plaintiff reported as work time that he did not in fact work, and all other goods, amounts, or time that Plaintiff took to which he was not entitled, if any.

## THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE
### (Quantum Meruit)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent that Plaintiff provided Defendant with any value at all, Plaintiff is only entitled to receive payment for the goods or services actually provided at fair market value.

## THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE
### (Unconstitutionally Vague)

As a separate and independent affirmative or other defense, Defendant alleges, based on information and belief, that the FAC, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the Constitution of the United States of America and the State Constitution of California as to, among other things, due process of law.

## THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE
### (Frustration of Purpose)

As a separate and independent affirmative or other defense, Defendant alleges that an unexpected event or occurrence happened, frustrating the purpose of the contract, such that enforcement of the

36

contract would not allow the parties to each receive the benefit of their bargain.

## THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Innocent Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation-which Defendant denies-the representation was innocent and was not made with knowledge of falsity or recklessness as to the same.

## THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Truthful Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation - which Defendant denies - the representation was truthful when made.

## THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (De Minimis Non-Compensable Activities)

As a separate and independent affirmative or other defense, Defendant alleges that if and to the extent Plaintiff can prove that he engaged in any uncompensated work activities, some or all of the time allegedly worked is de minimis (or preliminary or postliminary activity) and thus is not compensable.

## FORTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Federal Preemption)

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by federal law.

37

## FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Accord and Satisfaction)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff has been fully paid all amounts legally owed to him by Defendant, since by accepting the payments made to him, Plaintiff has effectuated an accord and satisfaction of his claims.

## FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (No Privity)

Defendant alleges that the causes of action alleged in Plaintiff's FAC are barred, because Defendant was not in privity of contract with Plaintiff.

## FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Contract Void Due to Fraudulent Inducement)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent any alleged contract between Plaintiff and Defendant is void or unenforceable as it was procured by fraud. Defendant alleges that Plaintiff made material misrepresentations of fact, knowing them to be false, with the intent to induce Defendant to enter into the alleged contract. Defendant reasonably relied on these misrepresentations and would not have entered into the contract had Defendant known the true facts.

**FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

**(Same Decision)**

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent that even if Plaintiff's protected activity or any disclosure or refusal to participate in any allegedly unlawful act was a contributing factor in any adverse employment action, Defendant would have made the same decision to take such action at the same time for legitimate, independent reasons. Defendant therefore cannot be held liable under Labor Code section 1102.5, for wrongful termination in violation of public policy, or under any other theory of retaliation or wrongful discharge.

**ADDITIONAL AFFIRMATIVE OR OTHER DEFENSES**

Defendant has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative or other defenses. Defendant reserves the right to assert additional affirmative or other defenses in the event discovery indicates they are appropriate.

**WHEREFORE,** Defendant requests relief as follows:

1. That Plaintiff takes nothing by reason of his FAC and that judgment be entered in favor of Defendant as appropriate;

2. For costs of suit, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem proper.

39

## COUNTERCLAIMS

In further response to Plaintiff's First Amended Complaint (the "Complaint"), Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") alleges as follows:

## NATURE OF THE ACTION

1. In April 2024, Plaintiff and his co-founders convinced Checkmate to acquire VoiceBite Corporation ("VoiceBite") while falsely claiming that VoiceBite had *exclusive* ownership and authorship of what was represented to be its world-class voice ordering AI technology. Among many misrepresentations, Plaintiff represented that VoiceBite was powered by its exclusive software code.

2. VoiceBite's technology had not been developed or owned exclusively by VoiceBite. It had been recycled – again and again – through multiple individuals and employers, each with actual and potential claims to the technology contained therein and the assets Checkmate *thought* it had acquired.

3. In reality, VoiceBite's technology was riddled with repurposed code, unauthored by VoiceBite. However, in order to ensure the transaction was finalized, Plaintiff proceeded with the transaction without disclosing these critical facts. Plaintiff concealed these facts from Checkmate despite knowing that VoiceBite's ownership of its intellectual property was critical to Checkmate's interest in acquiring same for the purpose of expanding its technology and supplementing its presence in the voice ordering space within the restaurant industry.

4. Checkmate began to uncover the true extent of VoiceBite's duplicity in fall 2024 and immediately took steps to protect itself under the terms of the parties' transactions and otherwise, making it clear that

it was Plaintiff and his co-founders – and not Checkmate – that was required to compensate Checkmate for the losses caused by this misconduct.

5.      Plaintiff's misrepresentations in connection with the transaction requires that he compensate Checkmate for the significant harm he has caused.

## PARTIES

6.      Defendant Checkmate.com Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1113 York Avenue, New York, NY 10065.

7.      Plaintiff Robert Nessler, co-founder of VoiceBite, is an individual. Upon information and belief, Plaintiff resides and has resided at all relevant times in the State of California.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because it involves parties who are all citizens of different states or foreign entities and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over this proceeding because Plaintiff voluntarily consented to this Court's exercise of jurisdiction by bringing his Complaint. Moreover, Defendant has consented to this Court's exercise of jurisdiction by appearing in and litigating this matter.

10.      Similarly, venue in the Central District of California is proper because  Defendant's counterclaims either arise from the exact same events at issue in the Complaint or arise from events taking place in

41

California. Therefore, venue in the Central District of California is proper under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### I. CHECKMATE ACQUIRES VOICEBITE FOR ITS PROPRIETARY CODE

11. Checkmate is a solutions-powered company with enterprise technology and expert 24/7 support that blends its technology and hands-on support to tackle challenges facing restaurants, such as first-party ordering, third-party integrations, menu management, accounting reconciliation, loyalty programs, and more.

12. Looking to expand its technology and supplement its presence in the voice ordering space of the restaurant industry, Checkmate sought to acquire VoiceBite. VoiceBite, co-founded by Robert Nessler, is a customer service-based company that leverages AI to automate the voice ordering process for restaurants. The voice AI space is very early stage but considered to have the potential to be a very large market opportunity, and Checkmate viewed the acquisition of VoiceBite as a way to assume an early leadership position in this nascent business.

13. With the goal of expanding its voice ordering AI capabilities, Checkmate agreed to acquire VoiceBite, including its intellectual property, in early 2024 by way of the Merger Agreement and related transactional documents.

14. From the outset, Plaintiff represented VoiceBite as the owner of proprietary code for VoiceBite's voice ordering AI application, the key asset material to Checkmate's decision to pursue the acquisition because it would provide Checkmate with the ability to be a very early mover into

42

the nascent but potentially enormous AI-assisted restaurant ordering space.

15. Plaintiff knew VoiceBite's technology was not in fact authored and created by VoiceBite. Contemplating whether to reveal the truth of this matter to Checkmate, Plaintiff decided against doing so.

16. Plaintiff was evasive about allowing Checkmate to review what he claimed to be VoiceBite's proprietary code, which made it particularly important for Checkmate to obtain from Plaintiff express representations and warranties regarding the ownership and authorship of VoiceBite's intellectual property.

17. Such representations included:

- Plaintiff was "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software (namely, a "comprehensive set of components of an AI voice ordering system") and that such intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any

43

Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

- That VoiceBite had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That VoiecBite "is not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

18.    All of these representations were false. Plaintiff knew they were false when he was making them himself or on behalf of VoiceBite. He also knew that Checkmate was relying on these representations and that these representations were fundamental in Checkmate's decision to proceed with the acquisition of VoiceBite – a deal that closed on April 30, 2024.

44

19. The closing of the VoiceBite transaction led to Plaintiff's employment as an executive with Checkmate. Cracks in Plaintiff's scheme would soon emerge.

## II. **DEFENDANT'S DISCOVERY OF PLAINTIFF'S FRAUDULENT REPRESENTATIONS**

20. Checkmate's eventual review of the code revealed that copyright in the VoiceBite code dated back to as early as *2018*, well before the formation of VoiceBite itself, which was not formed until on or around August 4, 2023:

```
__copyright__ = 'Copyright 2018.'
```

21. Further investigation established that the code not only predated VoiceBite's existence but also contained numerous references to "Cyborg" - a reference to *a previous company, CyborgOps, and a third party with claims to the code* - in the VoiceBite application.

22. CyborgOPS was a company previously founded by Plaintiff and others. Echoing Checkmate's acquisition of VoiceBite, CyborgOps's assets were acquired by Presto Automation, and Plaintiff joined Presto

45

Automation as Head of Voice Operations. The code's specific references to "Cyborg" includes at least the following:

- The ***deployment.txt*** file, which describes the deployment process for the application, referred to the entire VoiceBite application as "Cyborg."

```
sudo passwd cyborg #set password
sudo usermod -s /bin/bash cyborg
#allow cyborg to sudo into root
usermod -a -G sudo cyborg #by default a group sudo is created with sudo priveleges in sudoers file
#logout and login as ka
To be able to ssh in as cyborg, your key has to be in .ssh/authorized_keys file in /home/cyborg


Step5:
cd ~
mkdir git #use this as default dir
cd git
sudo apt-get update
sudo apt-get install git #install git
#Now follow section 'steps for deployment'
```

- The ***deepgram.txt*** file, which contains credentials for using the Deepgram TTS (text-to-speech), explicitly referenced "Cyborg."

```
name: cyborg-ops
key: xDx6Cd7rPfNE5WXt
secret: bLY6BJ4RIYpFw7mgjgWa9YTFe8TwElw6
```

46

- The ***env.json*** file, which provides configuration settings for the application also contained multiple references to "Cyborg."

```
installDir": "/home/voicebite",
coreAppDir": "platform",
uthDir": "/home/voicebite/platform/auth",
oogleCreds": "{{ installDir }}/{{ coreAppDir }}/auth/goog.json",
squareApiPrefix": "https://r2d2.friendlycyborg.com/squareapi",
ps_db": "postgresql://cyborg:cyborg23@slash-db-do-user-3934288-0.a.db.ondigitalocean.
ecordingDirPrefix": "/var/www/av.voicebite.ai/html",
clientID": "883344568883-h5n8p9c96tk372afvo5vb332p76t78cn.apps.googleusercontent.com"
ertfile": "/etc/letsencrypt/live/av.voicebite.ai/fullchain.pem",
eyfile": "/etc/letsencrypt/live/av.voicebite.ai/privkey.pem",
ogDir": "{{ installDir }}/log",
choDelayInFrames": 1,
oOfWorkers": 4
```

- The ***Globals.py*** file, which manages application-wide configurations, also incorporated references to "Cyborg," consistent with the ***Env.json*** structure above.

```
#determine the active based on the hostname (G['active'], G['active']
G=config
G['portMap'] = portMap
G['activeHostname']=hostname
G['test']=overview['test']
#G['redisPassword'] = G['redisPassword'] == "None" ? None : G['redisPassword']
G['redisPassword'] = None if G['redisPassword'] == 'None' else G['redisPasswor
if 'redis_connection_class' in G:
    if G['redis_connection_class'] == 'redis.SSLConnection':
        G['redis_pool'] = redis.ConnectionPool(host=G['redisHost'], port=G['re
            , password=G['redisPassword'],connection_class=redis.SSLConnection
    else:
        print(f'Unknown redis connection_class: {G["connection_class"]}')
        exit(1)
else:
    G['redis_pool'] = redis.ConnectionPool(host=G['redisHost'], port=G['redisP
```

47

- Even more brazenly, several user interface components within the VoiceBite application had copyright headers that were apparently changed from "CyborgOPS" to "VoiceBite."



23. Beyond VoiceBite's application code being apparently unoriginal, previously acquired by another entity, and recycled, Checkmate's investigation uncovered references to an additional third-party author, "Vasan Varadarajan," who was a former "Founder & President" of CyborgOPS.

24. Varadarajan's role was not disclosed in the Transaction, nor was his authorship acknowledged in the representations and warranties. However, on or around January 23, 2025, Plaintiff's colleague admitted in writing that Varadarajan had developed the property that Plaintiff and the co-founders claimed to own.

25. The truth was thus becoming clear: VoiceBite did not have the rights it claimed to have. And because VoiceBite did not have rights it claimed to have, Checkmate did not purchase the valuable entity that it had been led to believe it was purchasing—directly contradicting the representations made by Plaintiff on behalf of VoiceBite.

26. Of course, Checkmate would not have agreed to acquire VoiceBite if its core technology was not, in fact "intellectual property." Plaintiff's misrepresentations or concealment regarding the originality and ownership of the code were knowing falsehoods that he told or

48

concealed with full awareness of their materiality to Checkmate's decision to acquire VoiceBite.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (Breach of Contract of Intellectual Property Acknowledgement and Assignment of IP and Other Assets)

27.     Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

28.     Checkmate, on the one hand, and Plaintiff, on the other hand, entered into a written Intellectual Property Acknowledgement on April 30, 2024, as part of the Transaction, pursuant to which Plaintiff was prevented from bringing intellectual property owned by or subject to claims by third parties to Checkmate.

29.     Additionally, Checkmate as assignee and third party beneficiary of VoiceBite, on the one hand, and Plaintiff, on the other hand, entered into an Assignment of IP and Other Assets on April 30, 2024, as part of the Transaction, pursuant to which Checkmate purchased all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction related to VoiceBite's technology.

49

30. Pursuant to the terms of the Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements, Plaintiff made express representations and warranties concerning the authorship, ownership and originality of the VoiceBite application code.

31. Checkmate has fully performed all conditions, covenants and promises required to be performed on its part in accordance with the Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements except to the extent that its performance was waived, excused or prevented by Plaintiff.

32. Checkmate never relieved Plaintiff of his obligations under the Intellectual Property Acknowledgement and Assignment of IP and Other Assets agreements.

33. Plaintiff breached the Intellectual Property Acknowledgement and Assignment of IP and Other Assets agreements, including by bringing intellectual property owned and subject to claims by third parties and failing to provide rights to VoiceBite's intellectual property as set forth in detail above.

34. As a direct and proximate result of Plaintiff's foregoing breaches of contract, Defendant has suffered, and will continue to suffer, damages, including direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## SECOND CLAIM FOR RELIEF

## (Breach of Implied Covenant of Good Faith and Fair Dealing)

35. Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

36.     The Intellectual Property Acknowledgement and Assignment of IP and Other Assets agreements incorporate an implied covenant of good faith and fair dealing.

37.     Plaintiff materially breached the implied covenant of good faith and fair dealing in the and Assignment of IP and Other Assets agreements by knowingly and intentionally depriving Checkmate of its rights to obtain benefits under these agreements, making false representations and warranties concerning the VoiceBite application code's original authorship and exclusive ownership, as set forth in detail above.

38.     As a direct and proximate result of Plaintiff's foregoing breaches of the implied covenants of good faith and fair dealing, Defendant has suffered, and will continue to suffer, damages, including direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## THIRD CLAIM FOR RELIEF

## (Fraud/Fraudulent Concealment)

39.     Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

40.     Plaintiff, on his own behalf and on behalf of VoiceBite, knowingly and intentionally misrepresented that VoiceBite was the original author and exclusive owner of the VoiceBite application code, by way of numerous representations made to Checkmate throughout the Transaction as detailed above, including the following oral and written misrepresentations, all of which were made on or about April 30, 2024:

•     Plaintiff was the "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software

51

(namely, a "comprehensive set of components of an AI voice ordering system") and that such intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

52

- That Plaintiff and VoiceBite had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That Plaintiff and VoiceBite are "not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

41. Plaintiff also fraudulently concealed material facts concerning VoiceBite's ownership (*vel non*) of the VoiceBite code, including, but not limited to, the existence of references to Cyborg Ops and other persons in the VoiceBite Code.

42. All of these representations were knowingly false when made. Plaintiff knew of their falsity and knew that Checkmate would rely on Plaintiff's material representations and warranties to make decisions, *inter alia,* as to whether to enter into the Merger Agreement with VoiceBite and close same.

43. The intentional misrepresentations and fraudulent statements were material and intended to induce Checkmate into paying Plaintiff for the Transaction. The same material, intentional misrepresentations and fraudulent statements were similarly intended to induce Checkmate into relying on Plaintiff and VoiceBite's representations and warranties during the negotiation process described above.

44. Checkmate reasonably and justifiably relied on the intentional misrepresentations and fraudulent statements made by Plaintiff.

53

45. Further, Plaintiff fraudulently concealed information he knew to be material to the Transaction. Plaintiff had a duty to disclose that VoiceBite's code was not VoiceBite's intellectual property at the time of the Transaction, but intentionally failed to do so in order to ensure the Transaction would be completed.

46. As a direct and proximate result of Plaintiff's fraud and concealment, Defendant has suffered, and will continue to suffer damages, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

47. Checkmate alleges this claim in the alternative to its fourth claim for relief and incorporates and re-allege the preceding paragraphs of this Amended Complaint as if fully set forth herein.

48. Plaintiff had a duty to provide Checkmate with truthful and accurate information as part of the Transaction, including to disclose material information concerning VoiceBite's ownership (*vel non*) of the VoiceBite code.

49. Plaintiff negligently misrepresented that VoiceBite was the original author and exclusive owner of the VoiceBite application code, including by way of the following oral and written misrepresentations of past and existing material facts, all of which were made on or about April 30, 2024::

- Plaintiff or his colleagues were "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software (namely, a "comprehensive set of components of an AI voice ordering system") and that such

54

intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

55

- That Plaintiff and VoiecBite had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That Plaintiff and VoiceBite were "not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

50.    Plaintiff had no reasonable grounds to believe that any of the above misrepresentations were true.  In fact, as shown above, Plaintiff could not have had such reasonable grounds, given that he had personal, first-hand knowledge that the above representations were false when made.

51.    The negligent misrepresentations were intended to induce Checkmate into relying on Plaintiff's misrepresentations and warranties during the negotiation process described above.

52.    Checkmate justifiably relied on Plaintiff's negligent misrepresentations.

53.    Moreover, Plaintiff had a duty to disclose material information concerning the VoiceBite code and negligently failed to disclose such material to Defendant during or before the Transaction. Plaintiff knew that concealing such material information would result in Checkmate completing the transaction without becoming aware of such material information.

54.    As a direct and proximate result of Plaintiff's negligent misrepresentations, Defendant has suffered, and will continue to suffer

56

damages, in an amount to be proved at trial in excess of the jurisdictional minimum of this court

## FIFTH CLAIM FOR RELIEF

## (Declaratory Relief)

55. Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

56. Plaintiff represented in the agreements set forth above and otherwise that VoiceBite was the exclusive author or owner of the code forming the basis of VoiceBite's technology and further represented that no representation was made in connection with the Transaction contained any untrue statement of material fact or omitted to state any material fact necessary to make the statements not misleading.

57. Through his pervasive breaches of representations and warranties, fraud and other misconduct, Plaintiff breached these obligations, giving rise to Checkmate's right to indemnification and disentitling Plaintiff to further compensation under any relevant agreements.

58. Because Plaintiff has failed to comply with Checkmate's demands under the notices of breach and refused to satisfy and/or acknowledge his past, current and future obligations to repay and indemnify Defendant for his misconduct, Defendant reasonably expects that Plaintiff will continue to refuse to comply with his obligations under the relevant agreements, thus creating a real and justiciable controversy as to the rights and legal relations of the parties under the Transaction agreements.

59. Because there is an actual controversy relating to the legal rights and duties of the parties under Cal. Code of Civ. Proc. § 1060,

57

Checkmate is entitled to a declaration that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Defendant for losses incurred as a result of the foregoing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Checkmate prays for judgment against Plaintiff as follows:

1.     On the First through Fourth Claims for Relief, that Checkmate recover compensatory, consequential, incidental damages, and lost profits in an amount to be proved at trial in excess of the jurisdictional minimum of this Court;

2.     On the Fifth Claim for Relief, that a declaratory judgment issue that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Defendant for losses incurred as a result of the foregoing conduct.

3.     That Plaintiff be ordered to pay punitive and exemplary damages in a sum sufficient to punish and deter him and others from similar wrongdoing;

4.     That Plaintiff pay to Checkmate the full costs of this action, including attorney's fees, to the fullest extent permitted by the parties' agreements and relevant law;

5.     The Checkmate recover pre- and post-judgment interest;

6.     That Checkmate be granted such other and further relief, in law or in equity, to which Defendant may be entitled or as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial of all issues in this Complaint so triable.

DATED: April  28, 2026          BARRIENTOS PC

*/s/ J. Alejandro Barrientos*

J. Alejandro Barrientos
Attorney for Defendants
Checkmate.com, Inc. and Vishal
Agarwal

59