UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:26-cv-00767-MEMF-AS                                        Date: May 7, 2026

Title   *Robert Nessler v. Checkmate, Inc. et al*


Present: The Honorable:     Maame Ewusi-Mensah Frimpong


| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                       Attorneys Present for Defendants:
N/A                                                                              N/A


**Proceedings: Order DENYING Defendant's Ex Parte Application for Extension of Time to file Counterclaims [Dkt. No. 20]**

The Court is in receipt of Defendant Checkmate.com Inc.'s Ex Parte Application for Extension of Time to file Counterclaims, Dkt. No. 20 ("Application"), and Plaintiff Robert Nessler's Opposition, Dkt. No. 21 ("Opposition").

**Procedural History**

Plaintiff Robert Nessler filed a complaint against Defendant Checkmate.com, Inc. ("Checkmate"), Vishal Agarwal, and DOES 1 through 10 (collectively, "Defendants") on January 26, 2026. Dkt. No. 1. The First Amended Complaint was filed against Defendants on February 13, 2026, alleging claims of (1) Breach of Contract; (2) Fraudulent Inducement; (3) Failure to Pay Wages and Commissions under California Labor Code § 200 *et seq.*; (4) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; (5) Wrongful Termination in Violation of California Labor Code § 98.6; (6) Wrongful Termination in Violation of Public Policy; (7) Violation of Section 10(b) of the Securities Exchange Act of 1934; (8) Retaliation in Violation of California Labor Code § 1102.5; and (9) Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq*. On March 24, 2026, the parties filed a Stipulation to Extend Time for Checkmate to Answer the First Amended Complaint. Dkt. No. 19.

On March 24, 2026, Defendant Checkmate filed this Application currently pending before the Court. Dkt. No. 20. Plaintiff Robert Nessler filed his Opposition the next day. Dkt. No. 21.

---

CV-90 (03/15)                              Civil Minutes – General                              Page **1** of **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:26-cv-00767-MEMF-AS                                    Date: May 7, 2026

Title       *Robert Nessler v. Checkmate, Inc. et al*


**Applicable Law:**

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492.


**Discussion**

Defendant's Application does not meet the high standard in this District that ex parte relief requires because this is a crisis of Checkmate's own making. Checkmate was served with the First Amended Complaint on March 3, 2026, but Checkmate contends it did not become aware it was served with the First Amended Complaint until twelve days later on Sunday, March 15, 2026. Barrientos Decl. ¶¶ 2-3, Dkt. No. 20. And even though on March 18, Nessler granted Checkmate's initial request for a two-week extension to file its responsive pleadings, Checkmate did not make explicitly clear during that request that the responsive pleadings would include counterclaims, and Nessler did not actually agree that the responsive pleadings should include counterclaims. *Id.* ¶¶ 4-6. Thus, this crisis is of Checkmate's own making due to its communication. Moreover, Checkmate has not identified how it would be "irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492; *see also* Opposition at 3. Accordingly, the Application shall be DENIED.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:26-cv-00767-MEMF-AS                                     Date: May 7, 2026

Title    _Robert Nessler v. Checkmate, Inc. et al_


**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1.  Defendant's Ex Parte Application, Dkt. No. 20, is DENIED.


**IT IS SO ORDERED.**

|  | : |
| --- | --- |
| **Initials of Preparer** | DBE |