JOSEPH E. THOMAS (SBN 101443)
*jthomas@twtlaw.com*
GRANT J. THOMAS (SBN 325011)
*gthomas@twtlaw.com*
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:    (949) 679-6400
Facsimile:    (949) 679-6405

Attorneys for Plaintiff Robert Nessler

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT NESSLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHECKMATE, INC., a Delaware Corporation; VISHAL AGARWAL; an individual; DOES 1-10; inclusive.<br><br>Defendants. | **CASE NO.: 2:26-cv-00767-MEMF-AS**<br><br>**PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 2, 2026<br>Time: 10:00 am<br>Dept: 8B, 8th Floor<br><br>Compliant Filed: January 26, 2026<br>Trial Date: Not Set |

**TO ALL PARTIES AND ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** that on July 2, 2026, at 10:00 am, or as soon thereafter as the matter may be heard, in Courtroom 8B, 8th Floor of the above-entitled Court, located at the First US Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Robert Nessler will, and hereby does, move this Court for an order: (1) striking Defendant's counterclaims as unauthorized under Federal Rules of Civil Procedure 12(f) and 16(b)(4);, (2) dismissing Defendant's counterclaims for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b); and, in the alternative, (3) move this Court for an order under Federal Rule of Civil Procedure 12(e) requiring Defendant and Counterclaim Plaintiff Checkmate.com, Inc. to provide a more definite statements of its counterclaims.

This motion is made on the following grounds:

1. Defendant's counterclaims were filed through an unauthorized amendment after the scheduling-order deadline to amend pleadings expired, without leave of Court, and without the good-cause showing required by Federal Rule of Civil Procedure 16(b)(4). *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992).

2. Defendant's third and fourth counterclaims for fraud/fraudulent concealment and negligent misrepresentation fail to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).

3. Each of Defendant's five counterclaims fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), including because the contract-based claims fail to plausibly allege non-speculative damages; the implied-covenant claim is duplicative of the contract claim; the tort claims are barred or substantially narrowed by California's economic loss rule; and the declaratory-relief claim is derivative and redundant.

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

4. The Motion for a More Definite Statement is made on the ground that the counterclaims are so vague and ambiguous that Mr. Nessler cannot reasonably prepare a response. Specifically, the counterclaims fail to distinguish between conduct attributed to Mr. Nessler individually and conduct attributed to non-party VoiceBite Corporation, unidentified "co-founders," or unidentified "colleagues," and do not identify (a) the specific statements, representations, or omissions attributed to Mr. Nessler individually; (b) the specific contractual provisions Mr. Nessler personally undertook in his individual capacity, as distinguished from obligations undertaken by VoiceBite; (c) the specific conduct by Mr. Nessler personally alleged to constitute each breach, misrepresentation, or omission; and (d) the date, location, and recipient of each oral statement attributed to Mr. Nessler, and the specific document and provision containing each written statement.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings, records, and files in this action; and such further argument and evidence as may be presented at or before the hearing.

Pursuant to L.R. 7-3, counsel for Mr. Nessler met and conferred with counsel for Defendant by telephone on May 12, 2026 regarding the substance of this Motion. The parties continued to meet and confer in good faith and had a final telephone conference on May 19, 2026. The conference addressed the grounds for the motion to strike, the motion to dismissal of each counterclaim, as well as the alternative request for a more definite statement under Rule 12(e). The parties were unable to resolve their disagreements, and this Motion follows.

///

///

---

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

2

///

Dated: May 19, 2026                              Respectfully submitted,


By: __/s/ Grant J. Thomas_
JOSEPH E. THOMAS
GRANT J. THOMAS
THOMAS WHITELAW & KOLEGRAFF LLP
Attorneys for Plaintiff Robert Nessler

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

3

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................7

III.    RELEVANT BACKGROUND ............................................................................7

III.    LEGAL STANDARD ..........................................................................................8

IV.     ARGUMENT........................................................................................................9

 A.  *The Counterclaims Should Be Stricken Because They Were Filed In Violation Of The Scheduling Order* ..........................................................9

  1.  *Rule 15(a)(1)(A) Does Not Permit Defendant To Bypass The Scheduling Order* ...........................................................................9

  2.  *Rule 13 Does Not Create An Unrestricted Right To Add Omitted Counterclaims* ...................................................................10

  3.  *The Court's May 7 Order Undercuts Defendant's Current Position* ...........................................................................................11

  4.  *Striking The Counterclaims Is An Appropriate Remedy* ................11

 B.  *In The Alternative, The Counterclaims Should Be Dismissed Under Rule 12(b)(6)* ...........................................................................................11

  1.  *The Fraud and Fraudulent-Concealment Claim Fails Under Rule 9(b) and Rule 12(b)(6)* ...................................................................11

  2.  *The Negligent-Misrepresentation Claim Also Fails* ......................16

  3.  *The Breach-Of-Contract Claim Fails To Plausibly Allege Damages* ........................................................................................16

  4.  *The Implied-Covenant Claim Is Duplicative And Independently Deficient* .........................................................................................17

  5.  *The Fraud And Negligent-Misrepresentation Claims Are Barred Or Narrowed By The Economic Loss Rule* ....................................17

  6.  *The Declaratory-Relief Claim Is Derivative, Redundant, And Insufficiently Pleaded* ....................................................................19

 C. *Alternatively, the Court Should Order a More Definite Statement Under Rule 12(e) to Cure the Counterclaim's Failure to Distinguish Between Mr. Nessler and Other Actors.* ........................................................................19

V.      LEAVE TO AMEND.........................................................................................21

VI.     CONCLUSION ..................................................................................................22

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

4

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) .......................................................... 10, 16, 17, 18

*Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ........................................... 22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................... 10, 18

*Bily v. Arthur Young & Co.,* 3 Cal. 4th 370, 407-08 (1992) ........................................................ 17

*Careau & Co. v. Security Pacific Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1394-95 (1990) ..... 19

*CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (1999) ........................................................................ 10

*Food Safety Net Services v. Eco Safe Systems USA, Inc.*, 209 Cal. App. 4th 1118, 1130-1132 (2012) ........................................................................................................................................ 20

*Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 349-50 (2000) ......................................................... 18

*Hoffman v. 162 North Wolfe LLC*, 228 Cal. App. 4th 1178, 1193-1194 (2014) .......................... 15

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ................... 8, 9, 11

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ......................................... passim

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (1997) ........................................................ 15

*Little Seeds Children's Center, Inc. v. Citibank*, N.A., 815 F. Supp. 3d 891 (C.D. Cal. 2025) .... 19

*McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ............................................................. 21

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) ................................................. 21

*Novitzky v. TransUnion LLC*, Case No. 2:23-cv-04229-SPG-MAR, 2024 WL 5424112, 2024 U.S. Dist. LEXIS 104878, *3-4 (C.D. Cal. June 11, 2024) ............................................... 10

*Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) ............................................. 18

*OJ Commerce LLC v. Traffic Tech.*, Inc., Case No. CV 24-1407 PA (MAAx), 2024 WL 5694487, 2024 U.S. Dist. LEXIS 229160, *8 (C.D. Cal. Dec. 17, 2024.) ....................... 12

*Rattagan v. Uber Technologies, Inc.,* 17 Cal. 5th 1 (2024) ................................................... 19, 20

*Robinson Helicopter Co. v. Dana Corp.,* 34 Cal. 4th 979, 988-93 (2004) ................................... 19

*Sargon Enters., Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 773–75 (2012) ................................... 18

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ............................................... 13, 22

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ................................. passim

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

5

Statutes

Federal Rule of Civil Procedure 11 ........................................................................................ 23

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 8, 9, 23, 24

Federal Rule of Civil Procedure 12(e) ............................................................................... 21, 22

Federal Rule of Civil Procedure 12(f) .............................................................................. 8, 9, 13

Federal Rule of Civil Procedure 13(a) ........................................................................................ 11

Federal Rule of Civil Procedure 13(f) ........................................................................................ 11

Federal Rule of Civil Procedure 15(a)(1)(A) ........................................................................ passim

Federal Rule of Civil Procedure 16 ...................................................................................... passim

Federal Rule of Civil Procedure 16(b)(4) ........................................................................ 8, 11, 23

Federal Rule of Civil Procedure 9(b) .................................................................................... passim

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff moves on two independent grounds. First, Defendant's counterclaims should be stricken under Federal Rule of Civil Procedure 12(f) and the Court's inherent authority because they were filed through an unauthorized amendment after the scheduling-order deadline to amend pleadings expired, without leave of Court, and without the good-cause showing required by Federal Rule of Civil Procedure 16(b)(4). Second, and independently, the counterclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b) because the fraud-based claims fail to plead the circumstances of fraud with particularity, the contract-based claims fail to plausibly allege non-speculative damages, the implied-covenant claim is duplicative of the contract claim, the tort claims are barred or substantially narrowed by California's economic loss rule, and the declaratory-relief claim is derivative and redundant.

Defendant seeks to justify its counterclaims by recasting them as part of an amended answer allegedly permitted "as of right" under Federal Rule of Civil Procedure 15(a)(1)(A). That argument overlooks the controlling effect of Federal Rule of Civil Procedure 16 and the Court's scheduling order. Once the Court set a deadline to amend pleadings, Defendant could not add new counterclaims after that deadline without showing good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Defendant did not do so. Instead, Defendant sought an extension to file counterclaims, failed to obtain that relief, and then attempted to file the counterclaims unilaterally. Even setting that procedural defect aside, the counterclaims as pleaded do not satisfy federal pleading standards or California substantive law.

**III.    RELEVANT BACKGROUND**

On March 24, 2026, the parties stipulated to allow the extension of time to file an answer but did not agree to extend the time to file counterclaims. [ECF. 19.] By the stipulation's express terms, the deadline to file counterclaims was not extended. *Id*. On March 27, 2026, this Court entered a stipulation that extended the deadline to file an answer, but the stipulation specifically

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

7

excluded extending the deadline to file counterclaims. [ECF. 22.]. On March 24, 2026, Defendants filed an *ex parte* application to extend the time to file counterclaims. [ECF. 21]. Prior to a ruling on this *ex parte* application, Defendant Checkmate.com amended its answer to assert counterclaims. [ECF. 28]. On May 8, 2026, this Court denied defendant's *ex parte* application to extend the time to assert counterclaims. [ECF 30].  Defendant now contends that its earlier application "proved unnecessary" because it allegedly retained a Rule 15(a)(1)(A) right to amend its answer and add counterclaims as a matter of course.

Defendants' counterclaims assert five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud/fraudulent concealment; (4) negligent misrepresentation; and (5) declaratory relief. As shown below, the procedural defect is dispositive and, in any event, the counterclaims fail on the merits.

**III.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter. Courts also retain inherent authority to strike filings that are unauthorized or filed in violation of scheduling orders and procedural rules.

Amendment of pleadings is governed by Rule 15, but once a scheduling order has issued, Rule 16 governs requests to amend after the deadline set by the Court. The Ninth Circuit held in *Johnson* that after a district court has filed a pretrial scheduling order under Rule 16, that schedule "may be modified only for good cause," and the focus of the inquiry is the diligence of the party seeking amendment. 975 F.2d at 607-09. Only if good cause is shown does the Court proceed to the more liberal Rule 15 analysis.

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Claims sounding in fraud must satisfy Rule 9(b), which requires that the circumstances

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

8

constituting fraud be stated with particularity. In the Ninth Circuit, a party must allege the who, what, when, where, and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124-26 (9th Cir. 2009).

## IV.   ARGUMENT

### A. The Counterclaims Should Be Stricken Because They Were Filed In Violation Of The Scheduling Order

#### 1.   Rule 15(a)(1)(A) Does Not Permit Defendant To Bypass The Scheduling Order

In this case, the Parties stipulated to Checkmate.com filing an answer only. [ECF 22]. The stipulation entered by the Court specifically excluded extending the deadline to file Counterclaims. *Id*. The carve-out is not incidental language; it appears in the operative paragraph of the Court's ruling, immediately following the sentence establishing the new answer deadline. The Court's order thus did not merely fail to extend the counterclaim deadline — it affirmatively ruled that the extension does not reach counterclaims. "[S]tipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (1999). Here, Checkmate.com contravened the stipulation by this Court by amending its Answer to assert Counterclaims. Courts have stricken amended Counterclaims where the amendment violates a scheduling stipulation entered by a Court. *Novitzky v. TransUnion LLC*, Case No. 2:23-cv-04229-SPG-MAR, 2024 WL 5424112, 2024 U.S. Dist. LEXIS 104878, *3-4 (C.D. Cal. June 11, 2024).

Plaintiff acknowledges the strongest argument Defendant is likely to make: Rule 15(a)(1)(A) states that a party may amend its pleading once as a matter of course within 21 days after serving it, and an answer is a pleading in which counterclaims may be asserted. But that is not the end of the analysis here. The stipulation signed and entered by this Court is a limited scheduling order limiting the deadline to file a responsive pleading. In the Ninth Circuit, once the Court has entered a scheduling order with a deadline to amend pleadings, Federal Rule of Civil

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

9

Procedure 16(b)(4) controls. *Johnson*, 975 F.2d at 607-08. A party may not evade that standard simply by invoking Rule 15(a)(1). The reason is straightforward: Rule 16 exists to ensure that scheduling orders mean what they say. If Rule 15(a)(1) could be used after the amendment deadline without regard to Rule 16, scheduling orders would become optional. Defendant's amended answer asserting counterclaims is not a matter-of-course amendment under Rule 15(a)(1) because it was filed in contravention of the stipulation. Two prior orders of this Court have already established — and refused to extend — the deadline for Defendant to assert counterclaims. Defendant cannot now use Rule 15(a)(1)'s matter-of-course mechanism to circumvent those orders. Defendant has not sought leave, and therefore, Plaintiff respectfully requests this Court strike the Counterclaims.

The scheduling-order deadline to amend pleadings expired before Defendant filed its amended answer and counterclaims. Defendant was therefore required to establish good cause, or at a minimum was required to seek consent or leave of the court, before filing those new claims. Because Defendant did not obtain leave and did not satisfy Rule 15(a)(2) or Rule 16, the filing was unauthorized and should be stricken.

2.     *Rule 13 Does Not Create An Unrestricted Right To Add Omitted Counterclaims*

Federal Rule of Civil Procedure 13(a) requires compulsory counterclaims to be stated in the responsive pleading if they existed at the time of service. If such claims were omitted, the proper analysis is through the amendment rules, not through an unrestricted right to file them whenever convenient.

The abrogation of former Federal Rule of Civil Procedure 13(f) did not eliminate procedural limits. It simply means omitted counterclaims are generally governed by Rule 15 and, after a scheduling deadline has passed, by Rule 16 as well. For example, one court held, "Rule 13(a)(1) does not allow a defendant to file an amended counterclaim outside of the times provided by Rule 15(a)(1) and in contravention of a deadline set pursuant to Rule 16(b) without obtaining the opposing party's consent or the court's leave." *OJ Commerce LLC v. Traffic Tech.*, Inc., Case No. CV 24-1407 PA (MAAx), 2024 WL 5694487, 2024 U.S. Dist. LEXIS 229160, *8

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

10

(C.D. Cal. Dec. 17, 2024.) Thus, while Rule 15 may govern amendment of an answer to add omitted counterclaims, it does not grant a party a blanket right to add those claims in disregard of the Court's scheduling order and prior rulings.

### 3. The Court's May 7 Order Undercuts Defendant's Current Position

The Court's May 7th order is at minimum a significant contextual fact. First, Defendant's present position is inconsistent with its own prior conduct. If Defendant truly believed it possessed an automatic right under Rule 15(a)(1)(A) to amend and add counterclaims, there would have been no reason to seek an extension or *ex parte* relief to file those claims. That inconsistency undercuts Defendant's contention that the procedural issue is clear and straightforward.

Second, depending on the wording of the May 7th order, the Court may already have indicated concern with Defendant's effort to enlarge the time for filing counterclaims, particularly if the Court noted that the issue was of Defendant's own making or that Plaintiff had not agreed to any extension covering counterclaims. Defendant should not be permitted to circumvent that ruling through a unilateral filing styled as an amendment "as of right."

### 4. Striking The Counterclaims Is An Appropriate Remedy

Courts address unauthorized claims through motions to strike, motions to dismiss, or through their inherent authority to police the docket and enforce scheduling orders. Here, striking is appropriate because the defect is procedural and threshold in nature: Defendant had no valid procedural basis to place these counterclaims before the Court when it did.

Although Rule 12(f) is often directed to defenses or immaterial matter, courts may strike unauthorized pleadings or portions of pleadings filed in violation of court orders or the Federal Rules. At a minimum, the Court has inherent authority to enforce its scheduling order and prevent circumvention of Rule 16. Because Defendant's counterclaims were filed without leave after the amendment deadline, the Court should strike them.

### B. In The Alternative, The Counterclaims Should Be Dismissed Under Rule 12(b)(6)

### 1. The Fraud and Fraudulent-Concealment Claim Fails Under Rule 9(b) and Rule

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

11

*12(b)(6)*

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit requires the pleading to identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted); *accord Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The Counterclaim's fraud allegations fail this standard in multiple respects. Defendant's third claim alleges fraud and fraudulent concealment, but it does not plead the alleged fraud with the specificity Rule 9(b) requires.

**First**, the pleading improperly groups multiple actors together. The Counterclaim alleges that the misrepresentations were made by "Plaintiff, on his own behalf and on behalf of VoiceBite." *Countercl.* ¶ 40. But the Counterclaim does not allocate which statements Plaintiff personally made versus which he made in a representative capacity for VoiceBite. See id. ¶¶ 17, 40. This distinction is critical because personal liability for fraud requires that Plaintiff personally made the misrepresentations, not merely that he signed documents on behalf of an entity. Rule 9(b) does not allow a plaintiff to lump multiple actors together. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). The counterclaims repeatedly refer collectively to "Plaintiff," "VoiceBite," and in some places "Plaintiff or his colleagues," without identifying which person made which statement, to whom, on what date, and in what communication. For example, the Counterclaims allege Plaintiff and his co-founders convinced Checkmate to acquire VoiceBite Corporation. *Countercl.* ¶ 1. Further the Counterclaims identify that VoiceBite's technology and VoiceBite's Code was not owned by Voicebite. *Id*. at ¶ 2. The Counterclaims further allege that VoiceBite's technology had not been developed or owned by VoiceBite. *Id*. at ¶ 3. Thus, the Counterclaims are unclear as to whether, if any, representation was made personally on behalf of Mr. Nessler. That is inadequate under Rule 9(b). *Vess* and *Kearns* require precise allegations identifying the circumstances of the alleged fraud. A pleader cannot satisfy

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

12

Rule 9(b) by attributing statements to a shifting group of individuals and entities. This deficiency is especially important here because the counterclaims seek to impose personal liability on Mr. Nessler. The pleading must therefore distinguish between statements allegedly made by Mr. Nessler individually and statements or conduct attributed to VoiceBite or other persons.

**Second**, the alleged timing and circumstances are too generalized. The counterclaims allege that representations were made "throughout the Transaction" and "on or about April 30, 2024." Those allegations are too vague to satisfy Rule 9(b). The Counterclaim alleges that seven distinct misrepresentations were "all . . . made on or about April 30, 2024." *Countercl.* ¶ 40. That single date — the closing date of the transaction — is the only temporal allegation. The Counterclaim does not identify when each specific statement was made, in what setting, or in what document. *See Countercl.* ¶¶ 40, 42–43. A party alleging fraud must tie the alleged misrepresentations to specific communications, meetings, emails, agreements, or other concrete circumstances. Generalized temporal references do not provide the required particularity. The Counterclaim further alleges that the seven misrepresentations were made "orally and in writing," *Countercl.* ¶ 40, but never distinguishes which statements were oral and which were written. For oral statements, the Counterclaim identifies no speaker, no recipient, no setting, and no specific date. *See id.* For written statements, the Counterclaim identifies no document, no provision, and no party to whom the document was delivered. *See id.* This kind of undifferentiated pleading is precisely what Rule 9(b) prohibits. *See Kearns*, 567 F.3d at 1124 (rejecting fraud claim that failed to identify "the particular circumstances surrounding [the] representations").

**Third**, the fraudulent-concealment theory does not adequately allege duty, concealment, or inability to discover. The Counterclaim also asserts a fraudulent concealment theory, alleging that Plaintiff "fraudulently concealed material facts concerning VoiceBite's ownership (vel non) of the VoiceBite code, including . . . the existence of references to Cyborg Ops and other persons in the VoiceBite Code." *Countercl.* ¶ 41; *see also id.* ¶ 45. Under California law, fraudulent concealment requires concealment or suppression of a material fact, a duty to disclose, intent to

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

13

defraud, justifiable reliance, and resulting damage. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (1997). The counterclaim does not adequately allege the source of any duty running from Mr. Nessler individually to disclose the allegedly omitted information. Nor do they identify with precision what facts were concealed, when Mr. Nessler learned them, how he concealed them, or why Defendant could not reasonably have discovered them through diligence in the transaction. The Counterclaim asserts in conclusory fashion that "Plaintiff had a duty to disclose that VoiceBite's code was not VoiceBite's intellectual property at the time of the Transaction." *Countercl.* ¶ 45. But the Counterclaim pleads no facts establishing the legal basis for that duty under any of the four *LiMandri* categories. *See generally id*. ¶¶ 39–46. The Counterclaim does not allege a fiduciary relationship between Plaintiff and Checkmate. See *id*. It does not allege exclusive knowledge with the specificity required, given that Checkmate alleges it conducted a "review of the code" itself. *Id*. ¶ 20. And it does not plead facts showing active concealment beyond the conclusory assertion that Plaintiff "was evasive about allowing Checkmate to review what he claimed to be VoiceBite's proprietary code," *id*. ¶ 16 — an allegation that, if anything, undercuts the claim of reasonable reliance by putting Checkmate on notice that further inquiry was warranted. *See Hoffman v. 162 North Wolfe LLC*, 228 Cal. App. 4th 1178, 1193-1194 (2014). Under *Iqbal*, the bare assertion of a duty to disclose without supporting facts is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The fraudulent concealment theory should be dismissed on this independent ground.

**Fourth**, the Counterclaims fail to plead why the specific representations were false. Rule 9(b) requires the pleading to explain "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. The Counterclaim lists seven distinct representations in ¶ 40 — covering topics ranging from ownership of IP, to authorship of code, to disclosure of source code to non-employees, to omissions of material fact. See *Countercl.* ¶ 40 (bullets 1–7). The Counterclaim then alleges that "[a]ll of these representations were false." *Id*. ¶ 42; *see also id*. ¶ 18. But the Counterclaim does not connect any specific factual discovery to any specific

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

14

representation. The Counterclaim alleges, for example, that the VoiceBite code contained a "Copyright 2018" notation, *Countercl.* ¶ 20, and references to "Cyborg" in various files, id. ¶¶ 21–22, and that a third party named "Vasan Varadarajan" was allegedly involved in the code's development, id. ¶¶ 23–24. But the Counterclaim never explains which of these facts made which of the seven representations false. *See generally id*. ¶¶ 39–46. Rule 9(b) does not permit a plaintiff to list seven alleged misrepresentations on one hand and a separate set of allegedly contradictory facts on the other, leaving the court to puzzle out the connections. *See Vess*, 317 F.3d at 1106; *Kearns*, 567 F.3d at 1126.

**Fifth**, Although Rule 9(b) permits "knowledge" to be alleged generally, the pleading must still provide some factual basis for the inference of scienter. *See Iqbal*, 556 U.S. at 686–87. The Counterclaim alleges that Plaintiff "knew" the representations were false, *Countercl.* ¶¶ 15, 18, 42, but provides essentially no factual basis for that knowledge other than Plaintiff's status as a co-founder. The strongest fact pleaded — a January 23, 2025 written admission by an unnamed "colleague" of Plaintiff, *id.* ¶ 24 — postdates the closing by nearly nine months and is attributed to a third party, not Plaintiff. The Counterclaim provides no facts showing what Plaintiff knew on April 30, 2024. *See id.* ¶¶ 14–18, 39–46.

**Sixth**, the damages allegations are conclusory. The Counterclaim alleges that Plaintiff caused Checkmate "significant harm," *Countercl.* ¶ 5, and seeks "direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial in excess of the jurisdictional minimum of this court," *id.* ¶ 46. The Counterclaim does not allege what Checkmate paid for VoiceBite, what value Checkmate actually received, or how any specific misrepresentation caused any specific component of the alleged loss. *See generally id.* ¶¶ 39–46. Even under Rule 8's plausibility standard — much less Rule 9(b)'s heightened particularity requirement — a pleader must allege enough facts to make plausible what loss was caused by which alleged misrepresentation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The Counterclaim's boilerplate damages allegations rest on labels rather than facts and provide no basis from which to infer a plausible causal link

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

15

between any specific representation and any specific harm.

In sum, Mr. Nessler respectfully requests this Court dismiss the third claim on the above grounds.

### 2. The Negligent-Misrepresentation Claim Also Fails

The fourth claim for negligent misrepresentation mirrors the same factual allegations as the fraud claim and therefore is subject to Rule 9(b) because it is grounded in the same unified course of allegedly fraudulent conduct. *Vess*, 317 F.3d at 1103-06. Like the fraud claim, discussed *ante*, it does not identify the exact speaker, statement, medium, timing, and circumstances with sufficient specificity. It therefore fails Rule 9(b) for the same reasons.

The claim also fails under California law. Negligent misrepresentation is a species of deceit involving a positive assertion made without reasonable grounds for believing it true. See *Bily v. Arthur Young & Co.,* 3 Cal. 4th 370, 407-08 (1992). To the extent Defendant's negligent-misrepresentation theory rests on omissions or nondisclosure alone, it is particularly vulnerable because negligent misrepresentation generally requires an affirmative misrepresentation rather than mere silence.

Accordingly, Mr. Nessler respectfully requests that the fourth claim should be dismissed.

### 3. The Breach-Of-Contract Claim Fails To Plausibly Allege Damages

Under California law, damages are an essential element of a breach of contract claim. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Federal pleading standards require factual allegations sufficient to make those damages plausible, not speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Counterclaim alleges only generalized categories of injury — "direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial." *Countercl.* ¶ 34. It does not identify what Checkmate paid for the Transaction, what value it actually received, whether any third party has asserted a claim to the VoiceBite intellectual property, whether Checkmate has incurred any concrete remediation expenses, whether any customers were lost, or whether any product deployment failed. *See generally id.* ¶¶ 27–34. Nor does the Counterclaim allege any

non-conclusory basis for claimed lost profits. *See id.* ¶ 34.

California law does not permit speculative lost-profit claims. *See Sargon Enters., Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 773–75 (2012). While exact proof is not required at the pleading stage, the pleading must at least allege facts showing a plausible, non-speculative basis for damages. *Twombly*, 550 U.S. at 555 ("[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (quotation omitted). The Counterclaim's bare recitation of damages categories — without facts tying any concrete loss to the alleged breach — falls short of that standard. The First Claim should therefore be dismissed.

### 4.     The Implied-Covenant Claim Is Duplicative And Independently Deficient

The second claim for breach of the implied covenant appears to rest on the same alleged conduct and seek the same damages as the contract claim. Under California law, the implied covenant cannot impose duties beyond those incorporated in the specific terms of the parties' agreement. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 349-50 (2000). Where an implied-covenant claim merely repeats a breach-of-contract theory without alleging distinct conduct that unfairly frustrated a separate contractual benefit, courts treat it as superfluous. *Careau & Co. v. Security Pacific Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1394-95 (1990).

In conclusion, the counterclaims do not identify any contractual benefit that was frustrated by conduct distinct from the alleged express breach of representations and warranties. Thus, Mr. Nessler respectfully requests this Court dismiss this duplicative claim.

### 5.     The Fraud And Negligent-Misrepresentation Claims Are Barred Or Narrowed By The Economic Loss Rule

California's economic loss rule generally bars tort recovery for purely economic losses arising from disappointed contractual expectations. *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal. 4th 979, 988-93 (2004). Although *Robinson Helicopter* recognized a narrow exception for certain affirmative misrepresentations independent of the breach and exposing the plaintiff to independent liability, courts construe that exception narrowly.

The California Supreme Court recently clarified the scope of the economic loss doctrine

---

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

in *Rattagan v. Uber Technologies, Inc.,* 17 Cal. 5th 1 (2024). Under Rattagan, a tort claim premised on conduct occurring in the course of a contractual relationship may proceed only "if the elements of the cause of action can be established independently of the parties' contractual rights and obligations and the tortious conduct exposes the plaintiff to a risk of harm beyond the reasonable contemplation of the parties when they entered into the agreement." *Id*. at 38. Purely economic losses falling within the contractual expectancy are insufficient to support a tort claim alongside a contract claim. *Id*. at 33–34.

This District applied that framework in *Little Seeds Children's Center, Inc. v. Citibank*, N.A., 815 F. Supp. 3d 891 (C.D. Cal. 2025), dismissing a negligent misrepresentation claim where the only alleged harm was "stolen funds" — "purely economic loss . . . that falls within the reasonable contemplation of" the parties' agreement to safeguard that money. *Id*. at 899. The *Little Seeds* court contrasted that purely economic harm with the *Robinson Helicopter* plaintiff's exposure to "potential liability for personal injury or property damage and disciplinary action by the FAA" — harms that fell outside the contractual expectancy. *Id*. (*quoting Rattagan*, 17 Cal. 5th at 33–34). Without comparable allegations of harm beyond expectancy, the negligent misrepresentation claim could not proceed. *Id*. at 899–900. Such reasoning has similarly been applied to claims for fraudulent inducement. *See Food Safety Net Services v. Eco Safe Systems USA, Inc*., 209 Cal. App. 4th 1118, 1130-1132 (2012).

The Counterclaim suffers the same defect. The seven representations recast as fraudulent in ¶ 40 and as negligent in ¶ 49 are the same contractual representations and warranties identified in ¶ 17, and the alleged damages are entirely commercial — Checkmate "did not purchase the valuable entity that it had been led to believe it was purchasing," *Countercl.* ¶ 25, resulting in "direct, consequential, and incidental losses and lost profits," *id*. ¶¶ 34, 38, 46, 54. These are textbook expectancy damages falling squarely within the reasonable contemplation of an agreement to acquire intellectual property. The Counterclaim alleges no exposure to third-party liability, regulatory penalties, physical harm, or any other risk extending beyond the disappointment of Checkmate's bargain. Under *Rattagan* and *Little Seeds*, the Third and Fourth

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

18

Claims should be dismissed. The tort claims here arise from the same alleged statements and warranties contained in or made in connection with the transaction documents. The alleged injury is also the same: Defendant claims it did not receive the benefit of its bargain and suffered economic losses associated with the transaction. Absent well-pleaded facts showing independent affirmative misrepresentations and harm that is not merely contractual benefit-of-the-bargain damage, the tort claims are barred or at least substantially narrowed by the economic loss rule.

In sum, because the counterclaims do not plausibly allege that kind of independent tort injury, Mr. Nessler respectfully requests the third and fourth claims be dismissed on this additional ground.

> 6.      *The Declaratory-Relief Claim Is Derivative, Redundant, And Insufficiently Pleaded*

The fifth claim seeks declarations that Plaintiff is not entitled to further compensation and must indemnify Defendant. But the claim is entirely derivative of the contract and tort theories discussed above. Federal declaratory relief requires an actual controversy of sufficient immediacy and reality. *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).

A declaratory-relief claim may be dismissed where it merely duplicates issues already presented by coercive claims for damages or where it seeks a declaration only as to past wrongs. Here, the claim does not clearly identify a distinct and ripe controversy separate from the alleged past breaches already encompassed by the substantive causes of action. Nor does it clearly specify the contractual provisions that would entitle Defendant to the declarations it seeks. If the substantive claims are deficient, the derivative declaratory-relief claim necessarily fails as well. The fifth claim should therefore be dismissed.

**C. Alternatively, the Court Should Order a More Definite Statement Under Rule 12(e) to Cure the Counterclaim's Failure to Distinguish Between Mr. Nessler and Other Actors.**

If the Court declines to dismiss the Counterclaim outright, it should at minimum order Defendant to provide a more definite statement under Federal Rule of Civil Procedure 12(e). Rule 12(e) authorizes the Court to require a more definite statement of a pleading that is "so

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

19

vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The rule is properly invoked where the pleading's ambiguity prevents the responding party from framing a meaningful answer or asserting appropriate defenses. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (recognizing the court's authority to require clarification of vague pleadings).

The Counterclaim is precisely the kind of pleading Rule 12(e) is designed to address. Across all claims, it fails to distinguish between alleged misconduct by Mr. Nessler individually and conduct attributed to VoiceBite, unspecified "colleagues," or "co-founders." See, e.g., Countercl. ¶ 1 ("Plaintiff and his co-founders"); *id*. ¶ 4 ("Plaintiff and his co-founders"); *id*. ¶ 22 ("CyborgOPS was a company previously founded by Plaintiff and others"); id. ¶ 24 ("Plaintiff's colleague admitted in writing"); *id*. ¶ 40 ("Plaintiff, on his own behalf and on behalf of VoiceBite"); *id*. ¶ 49 ("Plaintiff or his colleagues"). This collective pleading prevents Mr. Nessler from formulating a meaningful response to the Counterclaim.

For the fraud-based claims, Mr. Nessler cannot determine which specific statements he is alleged to have personally made — as opposed to statements attributed to him collectively with "co-founders" or "on behalf of VoiceBite." Rule 9(b) requires plaintiffs to "differentiate their allegations" among multiple actors, *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007), and the Counterclaim's failure to do so leaves Mr. Nessler unable to admit, deny, or assert defenses with respect to particular alleged misrepresentations. See *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (recognizing that pleadings must put each defendant on notice of the specific allegations against him).

For the contract-based claims, the Counterclaim's conflation of Mr. Nessler with VoiceBite obscures fundamental issues of privity, party status, personal undertaking, and the source of any specific contractual obligation. The Counterclaim asserts that Mr. Nessler personally breached the Intellectual Property Acknowledgement and the Assignment of IP and Other Assets, *Countercl.* ¶¶ 28–33, but does not identify which specific provisions Mr. Nessler personally undertook in his individual capacity — as opposed to obligations undertaken by

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

20

VoiceBite or warranties made by VoiceBite's representatives in their corporate capacities. Without that clarification, Mr. Nessler cannot determine whether to assert defenses based on lack of privity, lack of personal undertaking, or the corporate-capacity nature of the underlying obligations.

If the Court declines to dismiss the Counterclaim, it should order Defendant to file an amended pleading under Rule 12(e) that, for each claim:

(a) identifies each specific statement, representation, or omission attributed to Mr. Nessler individually, distinguishing such statements from any statements attributed to VoiceBite, co-founders, or other actors;

(b) identifies the specific contractual provisions Mr. Nessler personally undertook in his individual capacity, distinguishing such undertakings from obligations of VoiceBite or other parties;

(c) identifies the specific conduct by Mr. Nessler personally — as opposed to collective conduct by "Plaintiff and his co-founders" or VoiceBite — alleged to constitute each breach, misrepresentation, or omission; and

(d) provides the date, location, and recipient of each oral statement attributed to Mr. Nessler, and the specific document and provision containing each written statement.

Without this clarification, Mr. Nessler cannot frame a meaningful response, prepare appropriate defenses, or develop a discovery plan focused on the actual allegations against him in his individual capacity. On this basis, Mr. Nessler respectfully requests, in the alternative, that this Court grant Mr. Nessler's motion for a more definite statement.

## V.  LEAVE TO AMEND

Because amendment may be futile in part but not necessarily in full, Plaintiff requests dismissal of the counterclaims, with leave to amend only to the extent Defendant can allege facts consistent with Federal Rule of Civil Procedure 11 and sufficient to satisfy Rules 8 and 9(b). If the Court grants the motion to strike on procedural grounds, the Court may deny leave to reassert absent a proper Rule 16 showing. If the Court reaches the merits under Rule 12(b)(6), any leave

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

21

to amend should require Defendant to plead with specificity the identity of each speaker, each statement, the time and place of each communication, the source of any duty to disclose, the contractual provisions allegedly breached, and the concrete damages allegedly suffered.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (1) striking Defendant's counterclaims as unauthorized because they were filed after the scheduling-order deadline without leave of Court and without the good-cause showing required by Rule 16(b)(4); or, in the alternative, (2) dismissing the first through fifth counterclaims under Rule 12(b)(6), and dismissing the third and fourth counterclaims under Rule 9(b); (3) in the further alternative, if this Court chooses not to dismiss the claims, at a minimum order Checkmate.com amend the pleadings to provide a more definite statement; and (4) granting such further relief as the Court deems just and proper.

DATED:  May 19, 2026                              THOMAS WHITELAW & KOLEGRAFF LLP

By:        /s/ Grant J. Thomas
                JOSEPH E. THOMAS
                GRANT J. THOMAS
                Attorneys for Plaintiff

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-3

Pursuant to Local Rule 7-3 of the United States District Court for the Central District of California, counsel for Plaintiff Robert Nessler certifies that counsel engaged in a conference of counsel at least seven (7) days prior to the filing of this motion in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.

The conference took place on May 12, 2026, by email exchange between Grant Thomas counsel for Plaintiff and Alexander Barrientos, counsel for Defendants. Despite the parties' efforts, the issues raised in this motion could not be resolved.

DATED: May 19, 2026                    THOMAS WHITELAW & KOLEGRAFF LLP


By:        _/s/ Grant J. Thomas_____
           JOSEPH E. THOMAS
           GRANT J. THOMAS
           Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: May 19, 2026                    THOMAS WHITELAW & KOLEGRAFF LLP


By:        _/s/ Grant J. Thomas_____
           JOSEPH E. THOMAS
           GRANT J. THOMAS
           Attorneys for Plaintiff

PLAINTIFF ROBERT NESSLER'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIMS, OR ALTERNATIVELY, TO DISMISS OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

23