JOSEPH E. THOMAS (State Bar No. 101443)
jthomas@twtlaw.com
GRANT J. THOMAS (SBN 325011)
gthomas@twtlaw.com
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone: (949) 679-6400
Facsimile: (949) 679-6405

Attorneys for Plaintiff Robert Nessler

MITCH M. LONGSON (Pro Hac Vice Forthcoming)
mlongson@mc2b.com
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: (801) 303-0036
Facsimile: (801) 364-5678

J. ALEJANDRO BARRIENTOS (SBN 346676)
Alejandro@bts.law
BARRIENTOS PC
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, California 90036
Telephone: (626) 551-4564
Facsimile: (626) 427-6753

Attorneys for Defendants
Checkmate.com, Inc. and Vishal Agarwal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NESSLER,<br><br>Plaintiff,<br><br>v.<br><br>CHECKMATE.COM, INC.; VISHAL AGARWAL; DOES 1-10,<br><br>Defendants. | Case No. 2:26-cv-00767-MEMF<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Local Rule 26, and this Court's Order Setting Rule 16(b)/26(f) Scheduling Conference, Plaintiff Robert Nessler ("Plaintiff") and Defendants Checkmate.com, Inc. ("Checkmate") and Vishal Agarwal ("Agarwal") (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Rule 16(b)/26(f) Report. Counsel for the Parties conducted their Rule 26(f) conference of counsel on May 21, 2026, and submit the following report in advance of the Scheduling Conference set for June 11, 2026.

### A. <u>Statement of the Case</u>

**Plaintiff's Position.** This action arises out of an "aquihire" transaction in which Plaintiff alleges that Defendants induced him and his cofounders to abandon their independent startup, VoiceBite, Inc., and commit themselves exclusively to Checkmate based on inflated stock-valuation representations and promises of guaranteed employment and compensation. Plaintiff alleges that Defendants, acting through CEO Vishal Agarwal and Chief Strategy Officer Michael Bell (a California resident who acted on Checkmate's behalf from Los Angeles County), represented that Checkmate stock was worth $4.67 per share against a $140 million baseline 2023 valuation, when a contemporaneous Section 409A valuation reflected a fair-market value of approximately $0.41 per share. Plaintiff further alleges that, after the merger closed and Plaintiff began employment under an Offer Letter and a Bonus Agreement signed by Agarwal, Defendants withheld earned wages and a $450,000 Initial Payment retention bonus that became due upon Checkmate's closing of a $10,000,000 Series B financing round announced in October 2024. Plaintiff alleges that after he provided declaration evidence in a related action (Vasan v. Checkmate, Case No. 2:25-cv-00765-MEMF-AS), Defendants retaliated by stripping his responsibilities, excluding him from meetings, imposing pretextual reporting requirements, and ultimately conditioning payment of earned compensation on the execution of broad waivers and mutual non-disparagement terms, including threats of criminal investigation. Plaintiff brings claims for (1) breach of contract; (2) fraudulent inducement; (3) failure to pay wages under California Labor Code § 200 et seq.; (4) violation of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq.; (5) wrongful termination in violation of Labor Code § 98.6; (6) wrongful termination in violation of public policy; (7) violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5; (8) retaliation in violation of Labor Code § 1102.5; and (9) unfair business practices under Business & Professions Code § 17200 et seq. Plaintiff seeks compensatory damages in excess of $900,000 per claim, statutory and waiting time penalties, liquidated damages, punitive damages, restitution and disgorgement, pre- and post-judgment interest, and attorneys' fees and costs.

**Defendants' Position.** Defendants deny the material allegations of the First Amended Complaint and dispute Plaintiff's characterization of the transaction and his subsequent employment. Defendants' position is that this case arises from Plaintiff's and his co-founders' fraudulent inducement of Checkmate's April 30, 2024, acquisition of VoiceBite, Inc. ("VoiceBite"). Checkmate, which provides enterprise ordering technology and support to restaurants, sought to acquire VoiceBite to expand its presence in the nascent voice-AI ordering space. Plaintiff and his co-founders repeatedly represented in connection with the transaction documents (including the Intellectual Property Acknowledgement and the Assignment of IP and Other Assets dated April 30, 2024) that VoiceBite was the original author and exclusive owner of the voice-ordering code that was the central asset Checkmate was acquiring, that the code was free of third-party claims or prior licenses, and that VoiceBite had not omitted any material fact necessary to make those representations not misleading. Checkmate alleges that, in fact, the VoiceBite code was not original to VoiceBite—copyright headers in the code dated to 2018 (years before VoiceBite was formed in August 2023), the code contained pervasive references to "Cyborg" and "CyborgOps," a prior company co-founded by Plaintiff whose assets were acquired by Presto Automation, and material work in the code base was authored by a third party (Vasan Varadarajan) whose role was never disclosed. Checkmate began discovering these facts in fall 2024 and continued its investigation into 2025. Plaintiff's termination was lawful and based on legitimate, non-retaliatory reasons, including the discovery of his pre-transaction misrepresentations concerning ownership and originality of the code, and the company would have

made the same decision regardless of any alleged protected activity. The $450,000 "Initial Payment" under the Bonus Agreement was not triggered, and Defendants otherwise complied with the parties' written agreements and applicable law. Defendants assert the affirmative defenses set forth in Checkmate's First Amended Answer (ECF 28), including, without limitation, failure to state a claim, failure to exhaust administrative remedies, statute of limitations, waiver, estoppel, unclean hands, failure to mitigate, at-will employment, parol evidence, breach by Plaintiff/full performance by Defendant, payment, accord and satisfaction, lack of consideration, offset/setoff, federal preemption, contract void due to fraudulent inducement, the "same decision" defense, and lack of willfulness/good faith. In addition, Checkmate asserts counterclaims against Plaintiff for (1) breach of contract (Intellectual Property Acknowledgement and Assignment of IP and Other Assets); (2) breach of the implied covenant of good faith and fair dealing; (3) fraud/fraudulent concealment; (4) negligent misrepresentation; and (5) declaratory relief that Plaintiff is disentitled to further compensation under the parties' agreements and is required to indemnify Checkmate for losses arising from the foregoing conduct. Checkmate seeks compensatory, consequential, and incidental damages, lost profits, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest.

### B. Subject Matter Jurisdiction

This Court has federal-question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's Fourth Claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 216(b), and over Plaintiff's Seventh Claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's state law claims and Checkmate's state law counterclaims. Plaintiff is a citizen of California; Defendant Checkmate is a Delaware corporation with its principal place of business in New York; and Defendant Agarwal is alleged to be a citizen of New York. The amount in controversy exceeds $75,000, exclusive of interest and costs.

The Court has supplemental jurisdiction over Plaintiff's state-law claims (Claims 1, 2, 3, 5, 6, 8, and 9) under 28 U.S.C. § 1367 because they arise from the same nucleus of operative fact as the federal claims and form part of the same case or controversy.

Venue is alleged to be proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims is alleged to have occurred in this District.

### C. **Legal Issues**

The Parties anticipate that the following key legal issues will arise:

a. Whether Plaintiff substantially performed his obligations under the Offer Letter and the Bonus Agreement, and whether Defendant Checkmate materially breached those agreements by failing to pay the $450,000 Initial Payment, the Final Payment, severance, performance-based bonus compensation, and other earned amounts.

b. Whether Defendant Checkmate's announced $10,000,000 Series B financing constituted a "Qualified Financing" within the meaning of the Bonus Agreement, and whether the alleged "tranche" structure satisfies, defeats, or delays the triggering of payment obligations.

c. Whether Defendants made actionable misrepresentations or material omissions concerning Checkmate's share valuation (including the $4.67 per-share figure as compared to the asserted April 2023 Section 409A valuation of approximately $0.41 per share), and whether the elements of fraudulent inducement under California law are satisfied.

d. Whether Defendants' conduct in connection with the offer, conversion, or imposition of Checkmate equity in exchange for earned compensation constitutes a deceptive device or contrivance in connection with the purchase or sale of a security under Section 10(b) and Rule 10b-5, and whether the scienter, materiality, reliance, and loss causation elements are satisfied.

e.  Whether amounts allegedly owed (including retention and performance bonuses, severance, and back pay) constitute "wages" under California Labor Code § 200 et seq., and whether Defendants' conditioning, deferral, or withholding of payment violated California Labor Code §§ 200, 201, 202, 203, 204, 218.5, and 221.

f.  Whether Defendant Agarwal is personally liable for any wage-and-hour violations under California Labor Code § 558.1 as an "other person acting on behalf of an employer."

g.  Whether Plaintiff was a properly classified exempt employee under the FLSA and, if not, whether Defendants' conditioning of compensation on financing milestones violated 29 U.S.C. §§ 206, 207, and 215(a)(3).

h.  Whether Plaintiff engaged in protected activity under California Labor Code §§ 98.6 and 1102.5, and whether his termination and the alleged adverse actions were causally connected to that protected activity.

i.  Whether Plaintiff has stated a claim for wrongful termination in violation of fundamental public policy under *Tameny v. Atlantic Richfield Co.,* 27 Cal. 3d 167 (1980), and its progeny.

j.  Whether Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices under California Business & Professions Code § 17200 et seq., and the scope of restitution and injunctive relief available.

k.  Whether punitive damages are recoverable, and whether the alleged conduct meets the "malice, oppression, or fraud" standard of California Civil Code § 3294.

l.  The proper measure of damages for each claim, including the appropriate methodology for valuing the equity component of the alleged consideration and any duty to mitigate.

m.  Whether Plaintiff breached the April 30, 2024 Intellectual Property Acknowledgement and the Assignment of IP and Other Assets, including by making

false or unsupported representations and warranties regarding VoiceBite's authorship, ownership, and originality of the voice-ordering AI code base.

n.  Whether Plaintiff is liable to Checkmate for fraud, fraudulent concealment, and/or negligent misrepresentation in connection with the VoiceBite transaction, including whether Plaintiff failed to disclose material facts concerning the prior origins of the code (including 2018 copyright headers and references to "Cyborg"/"CyborgOPS") and the authorship contributions of Vasan Varadarajan, and the amount of any resulting damages.

o.  Whether Plaintiff breached the implied covenant of good faith and fair dealing in the Intellectual Property Acknowledgement and Assignment of IP and Other Assets, and the amount of any resulting damages.

p.  Whether Checkmate is entitled to a declaratory judgment that Plaintiff is disentitled to further compensation under the parties' agreements and is required to indemnify Checkmate for losses caused by his alleged misconduct.

q.  Whether Checkmate's after-acquired evidence concerning Plaintiff's alleged pre-transaction misrepresentations limits or bars Plaintiff's remedies on his employment-related claims.

**D. <u>Damages</u>**

**Plaintiff's Position.** Plaintiff seeks compensatory damages in an amount to be proven at trial, but not less than $900,000 per claim, including: (i) at least $500,000 in retention-bonus compensation (the $450,000 Initial Payment plus the $50,000 Final Payment); (ii) at least $200,000 in performance-bonus compensation, less amounts already paid; (iii) lost severance equal to three months' base salary plus one quarter of the annual performance bonus; (iv) lost merger equity valued by reference to the difference between the represented $4.67 per-share figure and actual fair market value; (v) lost income, benefits, and bonus opportunities resulting from termination; (vi) emotional-distress and reputational damages; (vii) liquidated damages under 29 U.S.C. § 216(b); (viii) waiting-time and statutory penalties under California Labor Code §§ 203,

218.5, and 1102.5(j); (ix) punitive damages under California Civil Code § 3294; (x) restitution and disgorgement under Business & Professions Code § 17200; (xi) pre- and post-judgment interest; and (xii) reasonable attorneys' fees and costs. Plaintiff will refine these figures through discovery and expert analysis.

**Defendants' Position.** Defendants deny that Plaintiff has suffered any damages caused by Defendants' conduct and deny that Plaintiff is entitled to any of the relief sought. Defendants further contend that any amounts allegedly owed are governed and capped by, and have been satisfied through, the express terms of the parties' written agreements; that Plaintiff's damages claims are subject to offset, setoff, and indemnification arising from Plaintiff's breaches of the Intellectual Property Acknowledgement and Assignment of IP and Other Assets and his fraudulent and negligent misrepresentations in connection with the April 30, 2024 transaction; and that Plaintiff has failed to mitigate any damages he claims. Defendants dispute Plaintiff's equity-valuation theory and the methodology underlying his calculation of any merger-equity damages, including the proposed comparison to a Section 409A valuation. With respect to its counterclaims, Checkmate seeks compensatory, consequential, and incidental damages, lost profits, restitution, punitive and exemplary damages, attorneys' fees and costs to the fullest extent permitted by the parties' agreements and applicable law, pre- and post-judgment interest, and declaratory relief that Plaintiff is disentitled to further compensation and is required to indemnify Checkmate for losses incurred as a result of Plaintiff's conduct, all in an amount to be proved at trial. Defendants will refine these figures through discovery and expert analysis.

### E.   Parties and Evidence

**Parties.** The Parties to this action are: (i) Plaintiff Robert Nessler, an individual; (ii) Defendant Checkmate.com, Inc., a Delaware corporation with its principal place of business at 1113 York Avenue, New York, NY 10065; (iii) Defendant Vishal Agarwal, an individual; and (iv) DOES 1–10, inclusive.

**Corporate Disclosures.** Defendant Checkmate shall identify all of its subsidiaries, parents, and affiliates in its Local Rule 7.1-1 Notice of Interested Parties and in its Rule 7.1 corporate-disclosure statement.

The Parties currently anticipate that the following percipient witnesses will have knowledge relevant to the main issues in the case:

1. Robert Nessler (Plaintiff) — facts underlying all claims, including the aquihire negotiation, representations made by Defendants, his employment, alleged retaliation, and damages.

2. Vishal Agarwal (Defendant; Founder/CEO of Checkmate) — valuation and employment representations; authorization and ratification of agent conduct; Bonus Agreement; financing communications; employment decisions; retaliation allegations.

3. Michael Bell (Chief Strategy Officer, Checkmate) — California-based communications and representations to Plaintiff and co-founders; transaction negotiations; alleged threats and coercive communications.

4. Arjun Vasan (former co-founder, VoiceBite) — founding and development of VoiceBite; transaction negotiations; communications with Defendants; subject matter of related Vasan litigation; medical leave and termination.

5. Chris Lam (former co-founder, VoiceBite) — founding and development of VoiceBite; transaction negotiations; communications with Defendants.

6. Amy Brown (VP of Human Resources, Checkmate) — leave administration, benefits, and HR communications with the VoiceBite team.

7. Todd Murtha (transaction counsel for Checkmate) —July 24, 2025 written communications regarding conversion of the retention bonus (subject to applicable privileges and ethical limits).

8. Alan Foster, Esq. — transaction counsel for the VoiceBite founders; resignation and related communications (subject to applicable privileges and ethical limits).

9. Representative(s) of Tiger Global Management LLC — the structure and terms of the Series B financing.

10. Representative(s) of Checkmate finance, accounting, and equity-administration personnel — Checkmate's capitalization, 409A valuations, and financial condition.

11. Custodian(s) of records for Checkmate — authentication and production of communications, board materials, valuation reports, and HR records.

12. Vasan Varadarajan — former Founder and President of CyborgOPS; alleged third-party author of portions of the code that Plaintiff represented to be VoiceBite's proprietary work product; ownership, authorship, and any claims to the VoiceBite/CyborgOPS code base.

13. Representative(s) and/or custodians of records of Presto Automation and CyborgOPS — the prior acquisition of CyborgOPS assets, Plaintiff's prior employment as Head of Voice Operations at Presto, and the provenance, authorship, and ownership of the code that later appeared in VoiceBite's application.

14. Checkmate engineering, technical, and forensic personnel who reviewed the VoiceBite code base — investigation findings concerning the 2018 copyright headers, "Cyborg"/"CyborgOps" references in the deployment.txt, deepgram.txt, env.json, and Globals.py files, and the apparent re-attribution of copyright headers from "CyborgOPS" to "VoiceBite."

The Parties reserve the right to identify additional witnesses as discovery proceeds and to supplement their Rule 26(a)(1) disclosures accordingly.

**F. <u>Insurance</u>**

The Parties will exchange information regarding insurance coverage in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

Defendants will identify and produce a copy of any insurance agreement under which an insurer may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment, including, without limitation, any directors-

and-officers, employment-practices, errors-and-omissions, and general-liability policies that may apply.

Defendants are presently investigating the existence, scope, and applicability of any such coverage and will include a copy of any applicable policy in connection with their Rule 26(a)(1) initial disclosures.

### G. **Manual for Complex Litigation**

The Parties do not presently believe that this action requires application of the procedures of the Manual for Complex Litigation. The case involves a discrete set of contractual, employment, and securities-fraud claims arising from a single transaction and an employment relationship between one individual plaintiff and a single corporate defendant (plus its CEO). The Parties will revisit this question if the scope of discovery, the number of witnesses, or other developments warrant.

### H. **Motions**

The Parties presently anticipate the following motions practice:

    a.  Plaintiff may seek leave to amend if additional facts develop in discovery, including to add DOE defendants or to refine the Section 10(b) allegations.

    b.  Plaintiff's Motion to Strike Defendants' Counterclaims and/or Motion to Dismiss remains pending before the Court.

    c.  Either Party may file motions for summary judgment or partial summary judgment under Federal Rule of Civil Procedure 56.

    d.  The Parties anticipate motions in limine in connection with the Final Pretrial Conference, to be filed in accordance with Judge Frimpong's Order Re Jury/Court Trial.

### I. **Dispositive Motions**

**Plaintiff's Position.** Plaintiff may move for partial summary judgment as to liability on the First Claim (Breach of Contract) and the Third Claim (failure to pay wages) once the satisfaction of contractual conditions, including the closing of the Series B financing, is

undisputed in the record. Plaintiff may also seek summary adjudication on discrete affirmative defenses.

**Defendants' Position.** Defendants anticipate moving for summary judgment or partial summary judgment on certain or all of Plaintiff's claims and on Checkmate's counterclaims.

## J.  Status of Discovery

No formal discovery has been completed. The Parties exchanged informal documents and communications during the pre-suit period and the related litigation referenced in the First Amended Complaint. The Parties conducted their Rule 26(f) conference of counsel on May 21, 2026, discussed the matters required by Rule 26(f) and Local Rule 26, and intend to exchange initial disclosures under Rule 26(a)(1) no later than June 12, 2026.

## K.   Discovery Plan

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties propose the following discovery plan:

**(1) Initial Disclosures.** The Parties shall exchange initial disclosures under Rule 26(a)(1) on or before June 12, 2026.

**(2) Subjects of Discovery.** Discovery is anticipated to include, without limitation: (a) the negotiation and execution of the Letter of Intent, the Merger Agreement, the Offer Letter, the Bonus Agreement, and related transaction documents; (b) representations and communications regarding Checkmate's share valuation, including the $4.67 per-share figure and the April 2023 Section 409A valuation; (c) Checkmate's capitalization, financing history, internal financial information, and the structure and timing of the Series B financing; (d) Plaintiff's employment, compensation, performance, reporting structure, and termination; (e) communications between Defendants and Plaintiff or his co-founders, including communications by Michael Bell; (f) the alleged retaliatory conduct, including documents and communications concerning Plaintiff's exclusion from meetings, reassignment of duties, reporting requirements, and the December 2, 2025 communications; (g) documents related to the related Vasan action; (h) damages, including alternative employment and investment opportunities; (i) the authorship, ownership, and

provenance of the VoiceBite code base, including the 2018 copyright headers, references to "Cyborg"/"CyborgOPS" in the deployment.txt, deepgram.txt, env.json, and Globals.py files, and the apparent re-attribution of copyright headers from "CyborgOPS" to "VoiceBite"; (j) the Intellectual Property Acknowledgement and the Assignment of IP and Other Assets dated April 30, 2024, the representations and warranties contained therein, and Plaintiff's knowledge of facts bearing on those representations; (k) Plaintiff's prior involvement with CyborgOPS and Presto Automation, including the prior CyborgOPS asset acquisition and Plaintiff's role as Head of Voice Operations at Presto; (l) the authorship contributions of Vasan Varadarajan and any other third party to the code base; and (m) the timing, scope, and results of Checkmate's post-closing investigation of the code base.

**(3) Anticipated Written Discovery.** Each side anticipates serving requests for production of documents, interrogatories, and requests for admission, subject to the presumptive limits of the Federal Rules of Civil Procedure and the Local Rules. The Parties do not currently propose changes to those limits, but reserve the right to seek leave for additional discovery if warranted.

**(4) Anticipated Depositions.** The Parties anticipate noticing depositions of, among others, Robert Nessler; Vishal Agarwal; Michael Bell; Arjun Vasan; Chris Lam; Amy Brown; Todd Murtha; Vasan Varadarajan; one or more Rule 30(b)(6) designees of Checkmate; representative(s) of Tiger Global; representative(s) of Presto Automation and/or CyborgOPS; and any retained or testifying experts. The Parties will work cooperatively to schedule depositions and will meet and confer regarding any proposed expansion of the seven-hour limit under Rule 30(d)(1) for any deponent for whom additional time is necessary.

**(5) Electronically Stored Information.** The Parties have discussed the disclosure, discovery, and preservation of electronically stored information ("ESI") as required by Rule 26(f)(3)(C). The Parties anticipate that relevant ESI will include emails, Slack messages, text messages, internal HR and finance systems, board materials, transaction documents, and shared cloud-based files. The Parties shall meet and confer further regarding (i) custodians and date ranges; (ii) search terms and methodology; (iii) form of production (Plaintiff believes production

should be in single-page TIFF with load files, extracted text, and native production of spreadsheets and other items where native review is required; Defendants are considering this and will collaborate with Plaintiff to reach an agreement on the issue); and (iv) cost allocation. The Parties may enter into a stipulated ESI protocol and to submit it for entry by the assigned Magistrate Judge.

**(6) Privilege and Rule 502(d).** Consistent with Federal Rule of Evidence 502(d) and (e), the Parties will negotiate and submit a stipulated order providing that inadvertent production of privileged or work-product material shall not constitute a waiver of any applicable privilege or protection in this or any other federal or state proceeding. Privilege logs shall be exchanged in a manner and on a schedule to be agreed upon by the Parties.

**(7) Protective Order.** The Parties anticipate that discovery will involve confidential personal, financial, employment, valuation, and competitively sensitive business information. The Parties will negotiate and anticipate submitting to the assigned Magistrate Judge for entry, a stipulated protective order based on this Court's Standing Protective Order, with modifications as warranted.

**(8) Phasing.** The Parties do not propose to phase discovery, except that expert discovery will follow fact discovery in the manner reflected in the proposed schedule in Section (r) below and Schedule A.

**(9) Changes to Rule 26(a) Disclosures**. The Parties do not currently propose any changes to the form or requirements of disclosure under Rule 26(a).

**(10) Discovery-Related Motions.** Pursuant to Judge Frimpong's Initial Standing Order and 28 U.S.C. § 636(b)(1)(A), all discovery matters and motions are referred to an assigned Magistrate Judge. The Parties will work in good faith to resolve discovery disputes without motion practice consistent with Local Rule 37 and the Magistrate Judge's procedures.

**L.  Expert Discovery**

The Parties propose the following expert-discovery dates pursuant to Federal Rule of Civil Procedure 26(a)(2):

- Initial expert disclosures: May 12, 2027

- Rebuttal expert disclosures: May 26, 2027

- Expert discovery cut-off: June 9, 2027

Plaintiff anticipates retaining experts in valuation/forensic accounting (including with respect to the disputed share-price methodology and any 409A or comparable valuations), economic damages (including front pay, back pay, and lost equity value), and potentially industry-specific experts.

Defendants anticipate retaining experts on similar subjects, as well as experts in software forensics, code provenance/authorship analysis, intellectual-property valuation, and damages associated with Checkmate's counterclaims, and reserve the right to retain rebuttal experts.

### M. Settlement Conference / Alternative Dispute Resolution ("ADR")

The Parties have engaged in informal pre-litigation settlement discussions, including the exchange of correspondence concerning the alleged retention bonus, the proposed waiver and non-disparagement terms, and the related Vasan litigation. Those discussions did not result in resolution. The Parties remain open to renewed settlement discussions and to court-supervised or private mediation at an appropriate stage of the case.

Pursuant to Local Rule 16-15.4, the Parties have considered the three ADR procedures identified in that Rule. The Parties' respective positions on the appropriate settlement procedure are as follows:

**Plaintiff's position:** Plaintiff requests ADR Procedure No. 3 — a private mediation with a mutually selected mediator experienced in employment and securities-fraud disputes.

**Defendants' position:** Defendants also select ADR Procedure No. 3 — a private mediation with a mutually selected mediator experienced in employment, securities, and complex commercial disputes, including intellectual-property and merger-related disputes. Defendants believe that mediation will be most productive once fact discovery is sufficiently advanced for the Parties to evaluate Checkmate's counterclaims arising from the alleged fraud in the VoiceBite transaction.

The Parties understand that the Court will discuss the proposed ADR procedure with them at the Scheduling Conference and will issue an ADR-12 order once the settlement method is selected.

**N.  Trial Estimate**

**Plaintiff's Position:** Plaintiff has demanded a jury trial pursuant to Federal Rule of Civil Procedure 38(b). Plaintiff estimates that trial will last approximately eight (8) to ten (10) court days. Plaintiff currently expects to call approximately eight (8) to twelve (12) witnesses, including expert witnesses.

**Defendants' Position:** Defendants likewise demand a jury trial of all triable issues. Defendants estimate that trial will last approximately eight (8) to ten (10) court days, in light of Checkmate's counterclaims and the related intellectual-property, valuation, and code-authorship issues that will require expert proof. Defendants currently expect to call approximately eight (8) to twelve (12) witnesses, including percipient witnesses involved in the VoiceBite transaction and the post-transaction investigation, custodians of records, and expert witnesses.

**O.  Trial Counsel**

**For Plaintiff:** Joseph E. Thomas (Lead Trial Counsel) and Grant J. Thomas, of Thomas Whitelaw & Kolegraff LLP, 18101 Von Karman Avenue, Suite 230, Irvine, California 92612-7132.

**For Defendants:** Mitch M. Longson (Lead Trial Counsel) (Pro Hac Vice) of Manning Curtis Bradshaw & Bednar PLLC, 201 S. Main Street, Suite 750, Salt Lake City, Utah 84111; and J. Alejandro Barrientos (SBN 346676) of Barrientos PC, 145 S. Fairfax Avenue, Suite 200-152, Los Angeles, California 90036.

**P.  Magistrate Judge**

The parties do not at this time consent to have all proceedings, including trial, conducted before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and General Order 05-07 (also referred to as General Order 194). The parties reserve the right to consent at a later stage of the litigation should circumstances warrant. The parties consent to all discovery matters being

referred to an assigned Magistrate Judge. The Parties will work in good faith to resolve discovery disputes without motion practice consistent with Local Rule 37 and the Magistrate Judge's procedures.

**Q. Independent Expert or Master**

The Parties do not presently believe that this is a case in which the appointment of a Special Master under Federal Rule of Civil Procedure 53 or an independent scientific expert under Federal Rule of Evidence 706 is warranted. The Parties will reassess this position if the volume or complexity of valuation, financial, or technical evidence develops in a manner that would warrant such an appointment.

**R.   Schedule Worksheet**

The Parties have completed Schedule A, which is attached hereto and incorporated by reference. The Parties' agree to the proposed dates appearing in the plaintiffs date column.

**S. Class Actions**

This is not a class action lawsuit.

**T. Patent Cases**

This is not a patent case. No claim-construction or Markman proceedings are anticipated.

**U. ERISA Cases**

This is not an action under ERISA.

**V. Other Issues**

    a.        The Parties identify the following additional matters that may affect the status or management of this case:

    b.        Confidentiality. The Parties anticipate that significant categories of documents and testimony will warrant designation as confidential, including 409A valuations, capitalization tables, board materials, financing documents, internal valuation analyses, personnel files, and communications with investors.

    c.        Document Volume. The Parties anticipate that document discovery will involve a meaningful volume of electronic communications (including Slack and email) and

transactional documents, though the matter is not anticipated to be of the scale that would warrant Manual-for-Complex-Litigation procedures.

   d.   Bifurcation. The Parties do not currently propose bifurcation of liability and damages or other ordering of proof. The Parties reserve the right to revisit bifurcation in connection with punitive damages under California Civil Code § 3295(d).

   e.   Standing Protective Order. The Parties anticipate proceeding under this Court's Standing Protective Order, with modifications to be addressed before the assigned Magistrate Judge.

DATED: May 28, 2026                    THOMAS WHITELAW AND KOLEGRAFF LLP

                                       /s/ Grant J. Thomas
                                       _____
                                       Joseph E Thomas
                                       Grant Joseph Thomas
                                       Attorneys for Plaintiff Robert Nessler

DATED: May 28, 2026                    BARRIENTOS PC[1]

                                       /s/ J. Alejandro Barrientos
                                       _____
                                       J. Alejandro Barrientos
                                       Attorney for Defendants,
                                       Checkmate.com, Inc. and Vishal Agarwal

_____

**ATTESTATION PURSUANT TO L.R. 5-4.3.4.**

Pursuant to Local Rule 5-4.3.4, the filer attests that all other signatories listed, and on whose behalf

the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT On May 28, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: May 28, 2026                    THOMAS WHITELAW AND KOLEGRAFF LLP

                                       */s/ Joseph E. Thomas*
                                       Joseph E Thomas
                                       Grant Joseph Thomas
                                       Attorneys for Plaintiff Robert Nessler

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | 2:26-cv-00767-MEMF-AS | Case Name: | NESSLER vs. Checkmate.com Inc. | |
|---|---|---|---|---|

| **Trial and Final Pretrial Conference Dates** | | | **Pl(s)' Date**<br>**mm/dd/yyyy** | **Def(s)' Date**<br>**mm/dd/yyyy** |
|---|---|---|---|---|
| Check one: ☒ Jury Trial   or   ☐ Bench Trial<br>[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: 8-10          Days | | | 11/08/2027 | |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine<br>[Wednesday at 9:00 a.m. at least 19 days before trial] | | | 10/20/2027 | |

| **Event** [1]<br>Note: Hearings shall be on Thursdays at 10:00 a.m.[2]<br>Other dates can be any day of the week | **Time Computation**[3] | **Pl(s)' Date**<br>**mm/dd/yyyy** | **Def(s)' Date**<br>**mm/dd/yyyy** |
|---|---|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties [Thursday] | 12 weeks after scheduling conference | 09/03/2026 | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 05/05/2027 | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 05/12/2027 | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 05/26/2027 | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 06/09/2027 | |
| Last Date to <u>Hear</u> Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | 07/29/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>  Select one  ☒ 1. Magistrate Judge (with Court approval)<br>         ☐ 2. Court Mediation Panel<br>         ☒ 3. Private Mediation | 10 weeks before FPTC | *Select deadline and settlement method* | *Select deadline and settlement method* |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 09/22/2027 | |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 10/06/2027 | |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.