UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NESSLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHECKMATE.COM, INC., a Delaware corporation; VISHAL AGARWAL, an individual; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00767-MEMF-AS<br><br>**[PROPOSED] ORDER DENYING CHECKMATE.COM, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS [ECF NO. #45]** |

The Court has considered Defendant Checkmate.com, Inc.'s Motion for Leave to File Second Amended Answer and Counterclaims (ECF 44), Plaintiff Robert Nessler's opposition (ECF 45), Checkmate.com, Inc.'s reply, the record, and the arguments of counsel.

Leave to amend may be denied for undue delay, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Checkmate.com, Inc. has known the facts and theories underlying the proposed counterclaims since 2024, pleaded them in April 2026, withdrew them on July 29, 2026, and did not seek leave until October 9, 2026, after the date it proposed in the parties' Joint Rule 16(b)/26(f) Report for hearing motions to amend. The motion does not explain the delay. A*merisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). The proposed amendment is also futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The proposed breach of contract and implied covenant counterclaims rest on representations that the proposed pleading itself attributes to VoiceBite, Inc. or to a VoiceBite co-founder, made by Plaintiff "in his capacity as CEO of VoiceBite," and an agent who signs for a disclosed principal is not a party to the contract. Restatement (Third) of Agency § 6.01; Cal. Civ. Code § 2343. The Merger Agreement also makes the several, pro rata indemnification provided in its Section 8 "the sole and exclusive remedy" for damages claims related to the transaction other than claims grounded in fraud, which forecloses the proposed contract, implied covenant, and negligent misrepresentation counterclaims as pleaded. ECF 38-5 § 8.8; *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1035–36, 1064 (Del. Ch. 2006). The proposed fraud and negligent misrepresentation counterclaims do not plead with particularity what was false about the identified representations or why. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The proposed declaratory relief counterclaim duplicates Checkmate.com, Inc.'s affirmative defenses and Plaintiff's claims and seeks relief the Court declines to entertain. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995).

The Motion for Leave to File Second Amended Answer and Counterclaims is DENIED.

IT IS SO ORDERED.

Dated:

____________________________________

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge